110. Although it may be argued that claiming damages for *lost of future and past income* is with a scintilla of speculation of whether or not PLAINTIFF would ever become a psychiatrist (PLAINTIFF's intended field of practice), it would be an unfair argument since PLAINTIFF was never given a fair opportunity to complete the medical curriculum and apply for residency as a result of his unjust dismissals. Furthermore, at the time of PLAINTIFF's acceptance into ROSS, his undergraduate GPA was above 3.65, which greatly exceeds the average acceptance GPA of 3.1-3.3. Hence, there is no question that PLAINTIFF is well-qualified to study medicine if given the necessary academic accommodations and fair treatment. Moreover, there is no other measurable basis to put PLAINTIFF back to a position of status quo prior to ROSS' wrongdoings. But for ROSS' liable actions, PLAINTIFF would be a satisfactory student (at worst) with the opportunity to complete his degree and apply for residency. Hence, PLAINTIFF is entitled to lost of past and future income. If lost of future and past income is not warranted, lost of past income AND an injunction to return to medical school should (at least) be warranted.

111. Furthermore, it is highly questionable if PLAINTIFF would be accepted into another medical school program, particularly because PLAINTIFF would be required to disclose information regarding prior attendance at medical

schools. Hence, PLAINTIFF would not be able to attend another medical school and an injunction for PLAINTIFF to re-enroll at ROSS is the only path for him to pursue his dream of becoming a physician. This is only relevant if recovering lost of past and future income is not entertained.

112. However, PLAINTIFF does not have strong interest of being readmitted as a student at ROSS due to the longstanding negative history between them and fears of possible future acts of retaliation and harassment. Hence, readmission after being academically dismissed from the school twice based on discrimination and unfair treatment is impractical. However, PLAINTIFF is "open" to the idea of re-enrolling at ROSS if "protection" is provided for PLAINTIFF such that strict measures be implemented to ensure that discrimination or any oppressive acts do not occur in the future.

113. It is important to note that PLAINTIFF has an interest of becoming a psychiatrist, which on average earn more than a general practitioner (Sharick's intended field of practice). Also, the standard of living in San Francisco, CA (location of Plaintiff's permanent residence) is among the highest in the United States and should be considered upon computation of damages. This is relevant for calculation of damages.

114. Finally, if lost of past and future income is not entertained, it should be warranted (at least) that judgment be in favor of PLAINTIFF for 7 years (lost of past income) of a typical psychiatrist's salary in San Francisco, CA, and an injunction for PLAINTIFF to re-enroll at ROSS and have his record modified to a "reasonable" extent to his "liking" that is deemed fair since the current transcript does not accurately and fairly depict his performance but for ROSS' liable actions. The amount of years indicated (7 years) is the time elapsed since PLAINTIFF's original matriculation at ROSS (January 2011) and the *earliest* time PLAINTIFF reasonably believes that he would re-enroll at ROSS at the conclusion of this lawsuit if the injunction is ordered (sometime in late 2017). According to www1.salary.com, the median income before taxes of a psychiatrist in San Francisco, CA is $260,829 as of data reported in January 2017. This does not take into account the accrual of benefits PLAINTIFF would have received during these years, interest, and effects of inflation. The indicated amount of years elapsed (7 years) may be increased depending when PLAINTIFF is allowed to enroll at the other medical school or be readmitted once again at ROSS. One year can be subtracted from the total number of years elapsed based on quantum meruit since PLAINTIFF had already completed three semesters before his dismissal.

115. PLAINTIFF requests that general damages be collected for pain and suffering, and undue hardship resulting from Defendant's liable actions. Although there is not an exact amount that could be calculated, the following should be considered (but not limited to) by the jury upon deciding an appropriate amount resulting from the "wrongs" committed by ROSS:

   a. Caused the PLAINTIFF depression, anxiety, and occasional thoughts of suicide

   b. Caused PLAINTIFF to leave a field of work he dreamed of being in

   c. Caused the deterioration of the PLAINTIFF's social life, particularly around his own family and spouse's family

   d. Exacerbated a pre-existing condition of the PLAINTIFF (OCD)

   e. Caused the Plaintiff to be destitute, resulting in PLAINTIFF and his family to live under government assistance and spouse's income

   f. Caused PLAINTIFF and spouse to live in crowded home with in-laws

   g. Caused PLAINTIFF to have long-term feelings of helplessness and hopelessness

   h. Adversely affected the PLAINTIFF's relationships with wife and children

   i. Adversely affected PLAINTIFF's relationship with his spouse such that the Plaintiff has been continuously denied sexual intimacy

   j. Inflicted insecurity about PLAINTIFF's future and career, and his inability to provide emotional and financial support for his spouse and children, thus making PLAINTIFF feel "less of a man"

   k. Caused an undue burden on PLAINTIFF's family by forcing wife to return to work to support the family

   l. May have caused PLAINTIFF to have a reduced or shortened lifespan due to physical and exacerbated mental health problems

**WHEREFORE**, PLAINTIFF prays for judgment against ROSS as follows:

1) For *lost of past and future income* totalling $4,433,562 USD, according to preponderance of proof OR

2) For *lost of past income* totalling $1,217,189.83 USD, and an injunction to reinstate PLAINTIFF as a fourth semester student and modification of grades that is deemed "reasonable" to PLAINTIFF's liking (since PLAINTIFF never got a "fair shot" at ROSS, even during his first stint), according to preponderance of proof AND

3) For emotional distress, *pain and suffering and undue hardship* totalling $2,216,781 as determined by multiplying lost of past and future income damages by a <u>minimum</u> factor of 1.5, according to preponderance of proof AND

4) For *punitive damages* pursuant to C.P.P. § 3294 as a result of egregious and oppressive conduct on behalf of ROSS, according to preponderance of proof AND

5) Procedural and miscellaneous costs including, but not limited to, out-of-state service of process AND

6) For such and further relief as the court deems just and proper.

DATED: March 27, 2017

_____

By: David T. Tran, *pro se* litigant

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Dated: 3-27-2017
Sign: *[signature]*
Print Name: David T. Tran