1
2
3
4

SEYFARTH SHAW LLP
Elisabeth C. Watson (SBN 184332)
ewatson@seyfarth.com
333 S. Hope Street, Suite 3900
Los Angeles, CA 90071
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

5
6
7
8

SEYFARTH SHAW LLP
Alison Loomis (SBN 296618)
aloomis@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

9
10
11

Attorneys for Defendant
ROSS UNIVERSITY SCHOOL OF MEDICINE,
SCHOOL OF VETERINARY MEDICINE
LIMITED

12

13

14

15

16

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

17
18
19
20
21
22

DAVID T. TRAN,

            Plaintiff,

      v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE,

            Defendant.

Case No. 5:17-cv-00583 JGB(DTBx)

**DEFENDANT ROSS UNIVERSITY
SCHOOL OF MEDICINE'S
NOTICE OF MOTION TO DISMISS
UNDER FRCP 12(B)(2) AND
12(B)(6), MOTION, AND
MEMORANDUM OF POINTS AND
AUTHORITIES**

23
24
25
26

Date:      October 23, 2017
Time:      9:00 a.m.
Crtrm:     1
Judge:     Jesus G. Bernal

Date Action Filed: March 27, 2017

27

28

## **NOTICE OF MOTION AND MOTION**

NOTICE IS HEREBY GIVEN that on October 23, 2017, at 9:00 a.m. in this Court, located at 3470 Twelfth Street Riverside, California 92501-3801, Defendant ROSS UNIVERSITY SCHOOL OF MEDICINE, SCHOOL OF VETERINARY MEDICINE LIMITED ("RUSM") will and does hereby move the Court for an order under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure dismissing Plaintiff's claims with prejudice.

## **RELIEF SOUGHT**

Defendant seeks dismissal of all claims against RUSM under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds of lack of personal jurisdiction or, in the alternative, for failure to state a claim upon which relief may be granted.  This motion is based on this Notice, Motion, and Memorandum of Points and Authorities, the declarations of Alison C. Loomis, Jeffrey Harper, William Owen, and Sandra Herrin, the files and records in this action, and such other further matters adduced at the hearing.

This motion is made following the conference of counsel with Plaintiff pursuant to Central District of California Local Civil Rule 7-3, which took place on July 26, 2017, by telephone.  (Declaration of Alison C. Loomis ¶ 2.)

# Table of Contents

**Page**

I.     INTRODUCTION ..................................................................................1

II.    PROCEDURAL BACKGROUND ........................................................2

III.   RELEVANT FACTUAL BACKGROUND ..........................................3

IV.    LEGAL STANDARD FOR MOTION TO DISMISS ...........................4

    A.    Rule 12(b)(2) ..............................................................................4

    B.    Rule 12(b)(6) ..............................................................................4

V.     LEGAL ARGUMENT...........................................................................5

    A.    Plaintiff Has Not Established (and Cannot Establish) the Court's
          Personal Jurisdiction Over RUSM. ............................................5

          1.    California courts do not have general jurisdiction over RUSM. ..........6

          2.    There is no specific jurisdiction over RUSM for Plaintiff's
              claims. ..............................................................................6

    B.    Plaintiff Failed To State A Claim Against RUSM For Each Of His
          Causes Of Action.........................................................................8

          1.    Plaintiff's cause of action for breach of implied contract is
              time-barred and otherwise fails to state a claim. .................9

              a.    Plaintiff's claim is time-barred.................................9

              b.    Plaintiff fails to state a claim for breach of implied
                  contract. ..............................................................9

          2.    Plaintiff's causes of action for breach of a written contract also
              fail to state a claim. .......................................................10

              a.    Plaintiff fails to allege sufficient facts to support his
                  claim for breach of the student handbook. ..............10

               b.    Plaintiff fails to allege sufficient facts to support his
                  claim for breach of the ECR Agreement. ...............11

          3.    Plaintiff's claim for "contract fraud" is time-barred and
              otherwise fails to state a claim. .....................................12

              a.    Plaintiff's claim for fraud is time-barred................12

               b.    Plaintiff fails to state a claim for fraud on the merits..............12

          4.    Plaintiff fails to state a claim for misrepresentation. ..........13

i

a.     Plaintiff's claim for misrepresentation is time-barred.............13

b.     Plaintiff fails to state a claim for misrepresentation on the merits. ...................................................................................14

5.     Plaintiff fails to state a claim for breach of fiduciary duty. ................14

6.     Plaintiff fails to state a claim for breach of the covenant of good faith and fair dealing. .......................................................................15

7.     Plaintiff fails to state a claim for breach of California's unfair competition law because the statute does not apply extraterritorially and Plaintiff failed to plead the requisite elements. ........................................................................................16

8.     Plaintiff fails to state a claim for violation of the California Education Code because it does not apply extraterritorially and Plaintiff failed to plead a viable claim. ...............................................17

9.     Plaintiff's cause of action for negligence is time-barred and otherwise fails to state a claim. .................................................18

a.     Plaintiff's claim for negligence is time-barred.......................19

b.     Plaintiff fails to state a claim for negligence on the merits. ...................................................................................19

10.     Plaintiff's claim for intentional infliction of emotional distress is time-barred and otherwise fails to state a claim............................19

a.     Plaintiff's claim for intentional infliction of emotional distress is time-barred. ..............................................19

b.     Plaintiff fails to state a claim for intentional infliction of emotional distress on the merits. ...............................20

11.     Plaintiff's claim for violation of the Rehabilitation Act of 1973 (or the Americans with Disabilities Act) is time-barred and otherwise fails to state a claim because the statute does not apply extraterritorially. ...................................................................20

a.     Plaintiff's claim is time-barred...............................................21

b.     Plaintiff also cannot state a claim for violation of the Rehabilitation Act or Title III of the Americans with Disabilities Act because the Statutes do not apply in Dominica...................................................................21

12.     Plaintiff's claim for violation of Title VI is time-barred and also fails because the statute does not apply in Dominica. ......................23

a.     Plaintiff's claim for violation of Title VI is time-barred.........23

DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES

39481836v.5

b.  Title VI does not apply in Dominica, and Plaintiff's claim under the statute should be dismissed for this additional reason. .................................................................... 24

VI.  CONCLUSION ......................................................................................... 24

39481836v.5

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allison v. Howard University,*
   209 F. Supp. 2d 55 (D.D.C. 2001) .................................................. 20

*Anderson v. GlobalSantaFe Offshore Servs.,*
   924 F. Supp. 2d 738 (E.D. La. 2013) .............................................. 7

*Archut v. Ross University School of Medicine,*
   No. 10-1681 (MLC), 2012 WL 5867148 (D. N.J. Nov. 19, 2012),
   *affirmed,* 580 Fed. Appx. ............................................................ 23, 24

*Archut v. Ross University School of Veterinary Medicine,*
   580 Fed. Appx. 90 (3d Cir. 2014) .................................................. 22

*Re: Ariz. State Univ.,*
   Case No. 08012047 (Dep't of Educ., Dec. 3, 2001) ...................... 21

*Asahi Metal Indus. Co. v. Super. Ct. of Cal.,*
   480 U.S. 102 (1987) ....................................................................... 8

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ....................................................................... 4

*Asplundh Tree Expert Co., v. NLRB,*
   365 F. 3d 168 (3d Cir. 2004) ......................................................... 22

*Balistreri v. Pacifica Police Dept.,*
   901 F. 2d 696 (9th Cir. 1990) ....................................................... 4, 8

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ....................................................................... 4, 5

*Boschetto v. Hansing,*
   539 F. 3d 1011 (9th Cir. 2008) ...................................................... 4, 5

*Branch v. Tunnell,*
   14 F. 3d 449 (9th Cir. 1994) ......................................................... 11

*Burger King Corp. v. Rudzewicz,*
   471 U.S. 462 (1985) ....................................................................... 6, 7, 8

DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES

39481836v.5

*College Source, Inc. v. Academy One, Inc.*,
    653 F. 3d 1066 (9th Cir. 2011) .................................................................. 7

*In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*,
    834 F. Supp. 2d 949 (C.D. Cal. 2012) ...................................................... 13

*Daghlian v. DeVry University, Inc.*,
    No. 08-55036 (9th Cir. July 31, 2009)...................................................... 18

*Daimler AG v. Bauman*,
    134 S. Ct. 746 (2014).................................................................................. 5, 6

*Data Disc, Inc. v. Systems Tech. Assoc., Inc.*,
    557 F. 2d 1280 (9th Cir. 1977) .................................................................... 4

*Desaigoudar v. Meyercord*,
    223 F. 3d 1020 (9th Cir. 2000) .................................................................. 12

*Doe v. Unocal Corp.*,
    248 F. 3d 915 (9th Cir. 2001) .................................................................. 4, 5

*Douglas v. Cal. Dept. of Youth Auth.*,
    271 F. 3d 812 (9th Cir. 2001) .................................................................... 20

*EEOC v. Arabian American Oil Co.*,
    499 U.S. 244 .......................................................................................... 22, 24

*Estigoy v. OSG Car Carriers, Inc.*,
    33 Fed. Appx. 844 (9th Cir. 2002)............................................................... 8

*Fontenberry v. MV Transp., Inc.*,
    984 F. Supp. 2d 1062 (E.D. Cal. 2013) ..................................................... 16

*Goodyear Dunlop Tires Operations. S.A. v. Brown*,
    131 S. Ct. 2846 (2011)................................................................................. 6

*Johnson v. Lucent Technologies Inc.*,
    653 F. 3d 1000 (9th Cir. 2011) .................................................................. 19

*Knievel v. ESPN*,
    393 F. 3d 1068 (9th Cir. 2005) .................................................................. 11

*Kramer v. Regents of University of California*,
    81 F. Supp. 2d 972 (N.D. Cal. 1999)......................................................... 21

DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES
39481836v.5

*Lee v. Board of Trs. Of the Cal. State Univ.,*
    2015 WL 4272752 (C.D. Cal. 2015) ...................................................................23

*Loving v. Princess Cruise Lines, Ltd,*
    2009 WL 7236419 (C.D. Cal. 2009) ...................................................................23

*Miller v. Bank of Am., Nat. Ass'n,*
    858 F. Supp. 2d 1118 (S.D. Cal. 2012)..............................................................19

*Miron v. Herbalife Int'l Inc.,*
    11 Fed. App'x 927 (9th Cir. 2001) .....................................................................11

*Morrison v. National Australia Bank Ltd.,*
    130 S. Ct. 2869 (2010).................................................................................21, 23

*Moss v. U.S. Secret Service,*
    572 F. 3d 962 (9th Cir. 2009) ..............................................................................5

*Picot v. Weston,*
    780 F. 3d 1206 (9th Cir. 2015) ............................................................................7

*Reinhardt v. Gemini Motor Transport,*
    879 F. Supp. 2d 1138 (E.D. Cal. 2012) .............................................................15

*Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.,*
    806 F. 2d 1393 (9th Cir. 1986) ....................................................................12, 13

*Schwarzenegger v. Fred Martin Motor Co.,*
    374 F. 3d 797 (9th Cir. 2004) ......................................................................5, 6, 7

*Sharkey v. O'Neal,*
    778 F. 3d 767 (9th Cir. 2015) ............................................................................21

*Sher v. Johnson,*
    911 F. 2d 1357 (9th Cir. 1990) .........................................................................4, 5

*Sweezy v. State of New Hampshire by Waxman,*
    354 U.S. 234 (1957) (Frankfurter, J. concurring)..............................................20

*Walden v. Fiore,*
    134 S. Ct. 1115 (2014).........................................................................................6

*Young v. Facebook, Inc.,*
    790 F. Supp. 2d 1110 (N.D. Cal. 2011)..............................................................11

vi

**State Cases**

*Careau v. Security Pacific Business Credit. Inc.*,
  222 Cal. App. 3d 1371 (1990) ...................................................................16

*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
  68 Cal. App. 4th 445 (1998) .............................................................14, 15

*Diamond Multimedia Sys., Inc. v. Superior Court*,
  19 Cal. 4th 1036 (1999) ...........................................................................16

*Doe v. Roman Catholic Bishop of Sacramento*,
  189 Cal. App. 4th 1423 (2010) .................................................................12

*First Commercial Mortg. Co. v. Reece*,
  89 Cal. App. 4th 731 (2001) .......................................................................9

*Kashmiri v. Regents of the Univ. of California*,
  156 Cal. App. 4th 809 (2007) ...................................................................10

*Lacher v. Superior Court*,
  230 Cal. App. 3d 1038 (1991) ...................................................................13

*Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*,
  6 Cal. App. 4th 603 (1992) .......................................................................14

*McIntyre v. Colonies-Pac., LLC*,
  228 Cal. App. 4th 664 (2014) ...................................................................19

*Moore v. Regents of University of California*,
  51 Cal. 3d 120 (1990) ...............................................................................15

*Nava v. Saddleback Memorial Med. Ctr.*,
  4 Cal. App. 5th 285 (2016) .......................................................................18

*Norwest Mortgage, Inc. v. Superior Court*,
  72 Cal. App. 4th 214 (1999) .....................................................................16

*Otworth v. S. Pac. Transp. Co.*,
  166 Cal. App. 3d 452 (1985) .....................................................................11

*Philipson & Simon v. Gulsvig*,
  154 Cal. App. 4th 347 (2007) ...................................................................12

*Pierce v. Lyman*,
    1 Cal. App. 4th 1093 (1991) ...................................................................... 14

*Spinks v. Equity Residential Briarwood Apartments*,
    171 Cal. App. 4th 1004 (2009) ................................................................. 10

*State Farm Fire & Cas. Co. v. Superior Court*,
    45 Cal. App. 4th 1093 (1996) ................................................................... 17

*Sullivan v. Oracle*,
    51 Cal. 4th 1191 (2011) ............................................................................ 16

*Sun'n Sand, Inc. v. United California Bank*,
    21 Cal. 3d 671 (1978) ............................................................................... 12

*Tedeschi v. Wagner College*,
    402 N.Y.S. 2d 967 (1978) ........................................................................... 9

*Wilheim v. Pray, Price, Williams and Russell*,
    186 Cal. App. 3d 1324 (1986) .................................................................. 13

*Yari v. Producers Guild of America*,
    161 Cal. App. 4th 172 (2008) ..................................................................... 9

*Yun Hee So v. Sook Ja Shin*,
    212 Cal. App. 4th 652 (2013) ................................................................... 20

*Zumbrun v. University of Southern California*,
    25 Cal. App. 3d 1 (1972) ........................................................................... 15

**Federal Statutes**

29 U.S.C. § 794(a) ....................................................................................... 21

42 U.S.C. § 12112 ........................................................................................ 22

42 U.S.C. §§ 12181-12189 ......................................................................... 22

42 USCS § 2000(d) ...................................................................................... 24

Americans with Disabilities Act ......................................... 20, 21, 22, 23, 24

Civil Rights Act Title VI ................................................................. 2, 23, 24

DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES

39481836v.5

**State Statutes**

Cal. Bus. & Prof. Code § 17200 ........................................................................ 16

Cal. Civ. Proc. Code § 339 ................................................................................. 9

Cal. Civ. Proc. § 335.1 ................................................................................ 18, 19

Cal. Code Civ. Proc. § 338(d) ...................................................................... 12, 13

Cal. Educ. Code § 92814 ................................................................................... 18

Cal. Educ. Code § 94801(d)(1) .......................................................................... 17

Cal. Educ. Code § 94814 ................................................................................... 18

Cal. Educ. Code § 94858 ................................................................................... 17

Cal. Prof. Bus. Code § 17500 ............................................................................ 17

California Education Code ............................................................................ 17, 18

California's Private Postsecondary Education Act of 2009 ............................... 17

California's Unfair Competition Law .......................................................... 16, 17

Private Postsecondary Education Act of 2009 ................................................... 17

Rehabilitation Act of 1973 ........................................................ 2, 20, 21, 22, 23

**Rules**

Fed. R. Civ. P. 12(b)(2) ................................................................................... 2, 4

Fed. R. Civ. P. 12(b)(6) ........................................................................... 2, 4, 5, 8

Fed. R. Civ. P. § 9(b) ........................................................................................ 12

**Regulations**

34 CFR 100.13(e) .............................................................................................. 24

**Other Authorities**

California Civil Jury Instructions § 325 (2013) ................................................ 15

*David Tran v. Ross University School of Medicine*,
    Case No. 5:17-cv-00583-JGB-DTBx .......................................................... 2

ix

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

x

DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES

1   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

2   **I.     INTRODUCTION**

3          This case involves legal claims made by an individual against a medical school in

4   the Commonwealth of Dominica, an island nation in the Caribbean Sea, which arise from

5   his tenure at—and expulsion from—the school.   The alleged events underlying this

6   lawsuit took place in Dominica, the school is operated by a corporate entity organized

7   under the laws of Dominica, and that corporate entity's principal place of business (the

8   school itself) is located there.   Rather than bring his dispute to the courts in Dominica

9   where this lawsuit belongs (or would belong, if it had any merit), Plaintiff David Tran

10   seeks to litigate his claims in California.   There is no jurisdictional basis for doing so, and

11   even if there were, Plaintiff has failed to state any claim upon which relief may be

12   granted.

13          In a nutshell, Plaintiff is suing Ross University School of Medicine (RUSM) for

14   his alleged mistreatment while studying at the school and his eventual expulsion from the

15   school.   At the outset, this Court has no personal jurisdiction over RUSM, which is a

16   foreign entity.   There is no plausible claim of general jurisdiction, as RUSM is not

17   organized under California law and does not maintain its principal place of business in

18   California.   Plaintiff also failed to allege facts necessary to support specific jurisdiction.

19   Plaintiff does not (and cannot) allege that RUSM purposefully conducted activities in or

20   directed toward California that gave rise to the claims asserted here.   In fact, not a single

21   cause of action is alleged to have occurred in California.   Accordingly, Plaintiff has not

22   asserted sufficient facts to show that this Court has personal jurisdiction over RUSM.

23          That said, even if the Court were to find that it has personal jurisdiction over

24   RUSM, Plaintiff fails to state a cognizable claim for relief under any of his twelve (or

25   thirteen) causes of action.[1]   The First Amended Complaint ("FAC") includes a mass of

---

[1] Although the caption of the case indicates that Plaintiff alleges twelve causes of action,
the body of the First Amended Complaint indicates that there are actually thirteen causes
of action, as "breach of contract" is alleged twice.

conclusory allegations, sparse factual support, and erroneous legal authority.  As a result, each of Plaintiff's causes of action either fails to assert a cognizable legal theory or lacks sufficient plausible facts to support a cognizable legal theory.  In addition, Plaintiff's claims for breach of implied contract, fraud, misrepresentation, negligence, intentional/negligent infliction of emotional distress, violation of the Rehabilitation Act of 1973, and violation of Title VI of the Civil Rights Act all are time-barred.

Accordingly, the Court should dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(2) or, in the alternative, Rule 12(b)(6).

## II.   PROCEDURAL BACKGROUND

On March 27, 2017, Plaintiff filed a Complaint in the United States District Court for the Central District of California, entitled *David Tran v. Ross University School of Medicine*, Case No. 5:17-cv-00583-JGB-DTBx.  Although Plaintiff did not effectuate proper service, he purported to have done so on June 12, 2017.  On June 27, 2017, RUSM and Plaintiff entered into and filed a stipulation to extend time for RUSM to respond to the complaint by thirty days, making the responsive pleading due date August 2, 2017.

On July 3, 2017, Plaintiff filed his First Amended Complaint.  On July 26, 2017, RUSM met and conferred with Plaintiff regarding its position on the Court's lack of personal jurisdiction and Plaintiff's failure to state a claim.  The parties failed to reach a resolution.[2]  (Loomis Decl. ¶ 2.)

---

[2] Plaintiff filed a similar complaint against DeVry Medical International, Inc., a parent company of RUSM ("DMI") on September 22, 2016, in the Superior Court for the State of California in and for the County of Riverside, which DMI removed to the Central District of California on October 28, 2016.  On that same date, DMI met and conferred with Plaintiff regarding its position on the Court's lack of personal jurisdiction over DMI and failure to state a claim, and Plaintiff voluntarily dismissed the prior case on November 1, 2016.

On December 1, 2016, Plaintiff filed a second complaint asserting similar causes of action with similar paltry supporting facts against RUSM in the Superior Court for the State of California.  Plaintiff voluntarily dismissed that lawsuit on January 30, 2016.

DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES

39481836v.5

### III.  RELEVANT FACTUAL BACKGROUND

Plaintiff David Tran alleges that RUSM, a medical school located in the Commonwealth of Dominica, recruited and interviewed him while he was in California. (FAC ¶¶ 2, 4.)  In 2011, Plaintiff enrolled as a medical student at RUSM in Dominica. (*Id.* ¶¶ 2, 4, 8, 13.)  Plaintiff alleges that during his first semester, RUSM failed to provide reasonable accommodations for his Obsessive-Compulsive Disorder. (*Id.* ¶¶ 10, 13.)  Plaintiff failed his first semester examinations, which resulted in RUSM dismissing him for poor academic performance in April 2011. (*Id.* ¶ 14.)  Plaintiff filed a complaint alleging disability discrimination against RUSM with the U.S. Department of Education's Office for Civil Rights (OCR) regarding his dismissal, and both parties agreed to undergo Alternative Dispute Resolution. (FAC ¶¶ 15-16.)  Plaintiff and RUSM signed an Early Complaint Resolution Agreement ("ECR Agreement") on October 21, 2011. (FAC ¶¶ 15-16.)

As a result of the ECR Agreement, Plaintiff re-matriculated at RUSM in January 2012. (*Id.* ¶¶ 16-17.)  The ECR Agreement provided that Plaintiff would repeat his first semester and would be granted reasonable accommodations for his medical condition. (*Id.*)  Plaintiff claims that during the re-taking of his first semester, he discovered that the ECR Agreement was "unjust," "fraudulent," "misrepresented" and "oppressive." (*Id.* ¶ 18.)  Plaintiff further alleges that after the re-taking of his first semester, he discovered that his failing grades from his initial enrollment were averaged into his overall grade point average. (*Id.* ¶ 17.)

Plaintiff passed the re-taking of his first semester and "marginally" passed his second and third semesters. (*Id.* ¶¶ 17, 21.)  During his fourth semester, he failed two of his courses, and in either April or May 2013 (Plaintiff alleges both, in the FAC), RUSM again dismissed him for poor academic performance. (*Id.* ¶¶ 9, 17, 22, 43.)  Plaintiff alleges that the date of his injury giving rise to this lawsuit occurred when he was dismissed in May 2013. (*Id.* ¶ 9.)  After his dismissal, Plaintiff returned to the United States from Dominica. (*Id.* ¶ 63.)  He subsequently filed another complaint with the

1   OCR, which was dismissed in January 2014.  (*Id.* ¶¶ 43-44.)

2   **IV.    LEGAL STANDARD FOR MOTION TO DISMISS**

3        Defendant moves to dismiss all the claims in the FAC, under Rule 12(b)(2), for

4   lack of personal jurisdiction.  In the alternative, Defendant moves to dismiss all the

5   claims under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

6        **A.    Rule 12(b)(2)**

7        It is Plaintiff's burden to demonstrate that the Court has personal jurisdiction over

8   RUSM.  *See Boschetto v. Hansing*, 539 F. 3d 1011, 1015 (9th Cir. 2008) (citing *Sher v.*

9   *Johnson*, 911 F. 2d 1357, 1361 (9th Cir. 1990)); *Doe v. Unocal Corp.*, 248 F. 3d 915, 922

10  (9th Cir. 2001).  In considering a motion to dismiss under Rule 12(b)(2), the Court is

11  permitted to rely on declarations and other evidence outside the pleadings to assess the

12  absence of jurisdiction.  *See Doe*, 248 F. 3d at 922 (*citing Data Disc, Inc. v. Systems*

13  *Tech. Assoc., Inc.*, 557 F. 2d 1280, 1285 (9th Cir. 1977)).

14       **B.    Rule 12(b)(6)**

15       A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of allegations

16  in the complaint.  A court may dismiss a complaint under Rule 12(b)(6) for two reasons:

17  (1) "lack of a cognizable legal theory" or (2) "the absence of sufficient facts alleged

18  under a cognizable legal theory."  *See Balistreri v. Pacifica Police Dept.*, 901 F. 2d 696,

19  699 (9th Cir. 1990).  To survive a motion to dismiss under Rule 12(b)(6), Plaintiff's

20  "complaint must contain sufficient factual matter, accepted as true, to state a claim for

21  relief that is plausible on its face."  *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)

22  (citations omitted).  For a claim to meet the plausibility standard, Plaintiff must show at

23  the pleading stage that success on the merits is more than a "sheer possibility."  *See id*.

24  The facts in the complaint must allow the court to "draw the reasonable inference that the

25  defendant is liable for the misconduct alleged."  *See id.*; *see also Bell Atlantic Corp. v.*

26  *Twombly*, 550 U.S. 544, 557 (2007) (the complaint must contain sufficient facts to raise a

27  plaintiff's right to relief above the speculative level).

28       Such facts are necessary because "[t]hreadbare recitals of the elements of a cause

4

1   of action, supported by mere conclusory statements, do not suffice." *See Iqbal*, 566 U.S.

2   at 678-79; *see also Twombly*, 550 U.S. at 555.  In other words, when considering a Rule

3   12(b)(6) motion, the plaintiff's factual allegations must be accepted as true, but the court

4   is not bound to accept the truth of any legal conclusions in the complaint. *See Twombly*,

5   550 U.S. at 555; *Moss v. U.S. Secret Service*, 572 F. 3d 962, 989 (9th Cir. 2009) (for

6   complaint to survive dismissal, "the non-conclusory factual content, and reasonable

7   inferences from the content, must be plausibly suggestive of a claim entitling the plaintiff

8   to relief") (citations omitted).

9   ## V.   LEGAL ARGUMENT

10   ### A.   Plaintiff Has Not Established (and Cannot Establish) the Court's Personal Jurisdiction Over RUSM.

11

12   Plaintiff's claims against RUSM should be dismissed for want of personal

13   jurisdiction.  "In opposition to a defendant's motion to dismiss for lack of personal

14   jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper."

15   *Boschetto v. Hansing*, 539 F. 3d 1011, 1015 (9th Cir. 2008) (citing *Sher v. Johnson*, 911

16   F. 2d at 1361).  In evaluating the defendant's motion, "[t]he court may consider evidence

17   presented in the affidavits to assist it in its determination and may order discovery on the

18   jurisdictional issues." *See Doe v. Unocal Corp.*, 248 F. 3d at 922 (citation omitted).

19   "When no federal statute governs personal jurisdiction, the district court applies

20   the law of the forum state." *Boschetto*, 539 F. 3d at 1015 (citations omitted).

21   California's long arm statute applies a standard co-extensive with federal due process

22   jurisdictional standards. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F. 3d 797,

23   800-801 (9th Cir. 2004).  Accordingly, a California federal court may exercise personal

24   jurisdiction only consistent with the limits of federal constitutional due process. *See id.*

25   Federal courts recognize two types of personal jurisdiction: general and specific. *See*

26   *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014).  General jurisdiction exists only

27   when the organization is "essentially at home" in the forum state (*i.e.*, generally only

28   when the defendant's state of incorporation or principal place of business is found within

5

the forum state).  *See id*. at 751.   Specific jurisdiction may be invoked only when the claim at issue arises from, or is connected to, the defendant's activities with the forum.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

### 1.   California courts do not have general jurisdiction over RUSM.

General jurisdiction arises when a defendant's "affiliations with the State ... are so constant and pervasive 'as to render [it] essentially at home in the state.'"  *See Daimler AG v. Bauman*, 134 S. Ct. at 751 (quoting *Goodyear Dunlop Tires Operations. S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)).  Only in an "exceptional case" will a court have general jurisdiction over a corporation in a state other than the corporation's state of incorporation or principal place of business.  *See Daimler AG,* 134 S. Ct. at 761 n.19.  "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F. 3d at 801.

Plaintiff does not appear even to allege that the Court could exercise general personal jurisdiction over RUSM.  In any event, it is clear that the Court may not do so, as RUSM is neither headquartered nor incorporated in California.  *See Daimler AG*, 134 S. Ct. at 761.  The correct corporate name for RUSM is Ross University School of Medicine School of Veterinary Medicine Limited; it is a private company limited by shares, organized under the laws of Dominica and having its principal place of business (its medical school campus) in Dominica.  (Harper Decl. ¶ 2; Owen Decl. ¶ 2.)  Indeed, even Plaintiff claims that RUSM's principal place of business is outside California, albeit based on incorrect factual assertions and legal theories regarding where the principal place of business is.  (FAC ¶ 2.)  Accordingly, Plaintiff's lawsuit cannot survive RUSM's motion on a theory of general personal jurisdiction.

### 2.   There is no specific jurisdiction over RUSM for Plaintiff's claims.

To establish specific jurisdiction, Plaintiff must assert that his claims arise out of or are related to RUSM's purposeful contacts with California.   "For specific personal jurisdiction to exist, the relationship between defendant and the forum "must arise out of

contacts that the 'defendant [itself] creates with the forum State.'" *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. at 475). A three-part test is used to "assess whether a defendant has sufficient contacts with the forum state to be subject to specific personal jurisdiction":

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Picot v. Weston*, 780 F. 3d 1206, 1211 (9th Cir. 2015) (citing *Schwarzenegger*, 374 F. 3d at 802). The plaintiff has the burden of proving the first two prongs. *See Picot*, 780 F. 3d at 1211-1212 (citing *College Source, Inc. v. Academy One, Inc.*, 653 F. 3d 1066, 1076 (9th Cir. 2011). If he does so, the burden shifts to the defendant to "set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id*. (quoting *Burger King Corp.*, 471 U.S. at 477).

Plaintiff alleges that the Court has jurisdiction over RUSM because he initially was recruited to the school while living in California, (FAC ¶ 2, 4), but this is not enough. The mere fact that RUSM recruited him in California does not show that his claims (which have nothing to do with his recruitment) arise out of or relate to events in California. *See Schwarzenegger*, 374 F. 3d at 802 ("the claim must be one which arises out of or relates to the defendant's forum related activities"); *Picot*, 780 F. 3d at 1212-1215 (defendant's contract with a California resident not sufficient to establish personal jurisdiction, even where defendant made two trips to California, because the court found it more significant that "the agreement was formed in Michigan," and it was understood defendant would perform the majority of his contractual work in Michigan). Indeed, in the employment context, courts routinely find that "[r]ecruiting and hiring a plaintiff in the forum state, with nothing more, is not sufficient to establish specific jurisdiction when

the cause of action arises from injuries abroad." *See, e.g., Anderson v. GlobalSantaFe Offshore Servs.*, 924 F. Supp. 2d 738, 745 (E.D. La. 2013); *Estigoy v. OSG Car Carriers, Inc.*, 33 Fed. Appx. 844, 846 (9th Cir. 2002) (defendant's hiring of plaintiff in Hawaii through recruiting efforts was not enough to provide jurisdiction there, because the defendant did not have any other purposeful contacts with Hawaii).

Here, as Plaintiff makes abundantly clear, "the causes of action arising out of the relationship between [Plaintiff and Defendant] were carried out and performed in the Commonwealth of Dominica." (*Id.* ¶ 4; *see also id.* ¶ 2 ("Dominica . . . where the causes of action arose from").) Consequently, Plaintiff has not established (and could not establish) specific jurisdiction over RUSM for the claims he asserts in this lawsuit.

In any event, the exercise of personal jurisdiction over RUSM in this case would violate traditional notions of "fair play and substantial justice." *See Burger King*, 471 U.S. at 476 (citations omitted). Due process requires that it must not be unfair or unreasonable to require the nonresident to defend the suit in the forum state. *See Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 113-114 (1987). Given that RUSM is based and organized in Dominica and Plaintiff's claims relate to events that occurred in Dominica, it would be unfair for a court in another country to exercise jurisdiction over RUSM to resolve those claims. *See id.* at 114 ("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders.") Plaintiff cannot establish personal jurisdiction over RUSM, and this lawsuit should be dismissed with prejudice for that reason alone.

## B.   Plaintiff Failed To State A Claim Against RUSM For Each Of His Causes Of Action.

Even if the Court could assert personal jurisdiction over RUSM, Plaintiff's FAC fails to state a cognizable claim for any of his individual causes of action. Under Rule 12(b)(6), a court may dismiss any claim for (1) "lack of a cognizable legal theory" or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *See Balistreri*,

8

901 F. 2d at 699.  Each of Plaintiff's causes of action either fails to state a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory (and in some cases both).

### 1. Plaintiff's cause of action for breach of implied contract is time-barred and otherwise fails to state a claim.

#### a. Plaintiff's claim is time-barred.

The statute of limitations in California for a breach of implied contract is two years.[3]  *See* Cal. Civ. Proc. Code § 339.  As Plaintiff admits, his "date of injury" occurred when RUSM dismissed him in May 2013.  (FAC ¶ 9.)  Indeed, if any contract was breached, it must have been when (or before) Plaintiff was dismissed from school.

#### b. Plaintiff fails to state a claim for breach of implied contract.

In addition to being time-barred, Plaintiff's claim for breach of implied contract fails to state a claim on the merits.  A claim for breach of implied contract requires Plaintiff to allege facts sufficient to plausibly establish: (1) the existence of a contract; (2) performance by the plaintiff or excuse for non-performance; (3) breach by the defendant; and (4) damages.  *See First Commercial Mortg. Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001); *Yari v. Producers Guild of America*, 161 Cal. App. 4th 172, 181 (2008) (a cause of action for breach of implied contract has the same elements as breach of contract, except that promise is implied from the promisor's conduct).  Plaintiff relies on a New York case for the general proposition that the student-institutional relationship may create an implied contract.  (FAC ¶ 55, citing *Tedeschi v. Wagner College*, 402 N.Y.S. 2d 967

---

[3] Setting aside Plaintiff's purported claims arising under California and United States statutes, the only conceivable bodies of law that could apply to his common law claims are those of California or Dominica (which is a member of the Commonwealth of Nations and therefore adheres generally to the common law).  For purposes of clarity and brevity, this memorandum does not address Dominican law.  If the Court finds that it has personal jurisdiction over RUSM, which it should not, Defendant is prepared to defend Plaintiff's common law claims as though the law of the forum applies, rather than expend time and resources debating choice of law issues as between Californian and Dominican law, given that the common law is, broadly speaking, relatively similar wherever it is found.

---

(1978).)  Plaintiff, however, does not allege anything regarding the substance of this supposed contract, his performance or excuse for nonperformance, or explain how RUSM supposedly breached the contract.  For example, regarding his performance or excuse for performance he only recites that he "did all that was required of him … *or was* excused," without pleading which was the case, or any salient supporting facts.  (FAC ¶ 54.)  Absent these critical elements, Plaintiff's claim must be dismissed.

### 2.   Plaintiff's causes of action for breach of a written contract also fail to state a claim.

Plaintiff alleges two causes of action for breach of a written contract: breach of the Student Handbook, (FAC ¶¶ 35, 58-63), and breach of an undefined clause in the ECR Agreement.  (*Id.* ¶¶ 18, 64-66).  For both causes of action, Plaintiff fails to allege sufficient facts under a cognizable legal theory.

### a.   Plaintiff fails to allege sufficient facts to support his claim for breach of the student handbook.

Once again, to state a claim for breach of contract, Plaintiff must plead the existence "of a contract, plaintiff's performance or excuse for failure to perform, defendant's breach and damage to plaintiff."  *See Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1031 (2009) (internal quotations omitted).  Plaintiff alleges that "the Student Handbook represents a binding contract."  (FAC ¶ 59.)  He claims that RUSM breached this contract when it failed "at particular points in the educational process . . . [to] identify any academic difficulties that may or are developing."  (*Id.* ¶ 60.)  At the outset, the Student Handbook is not a contract.  *See Kashmiri v. Regents of the Univ. of California*, 156 Cal. App. 4th 809, 828-829 (2007) (finding that if documents alleged to be contractual, such as an educational institution's catalogues or websites, "do[] not expressly state that [the institution] intends to be bound by these statements, such statements become part of the enrollment agreement only if they are implied-in-fact contract provisions" as "not all statements in these publications amount to contractual obligations," but rather "center around what is reasonable").

Even assuming, *arguendo,* that the Student Handbook is a binding contract between the parties, which it is not, there is no provision in the applicable Student Handbook requiring RUSM to "identify any academic difficulties that may exist or are developing."   (*See* Herrin Decl. ¶ 2.)[4]   If Plaintiff meant to reference a different agreement that does contain this provision, then he must identify that agreement; RUSM cannot be expected to guess what contract or provision he is claiming to have been breached. *See Otworth v. S. Pac. Transp. Co*., 166 Cal. App. 3d 452, 459 (1985) ("If the action is based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference") (citations omitted); *Young v. Facebook, Inc*., 790 F. Supp. 2d 1110, 1117 (N.D. Cal. 2011) (citing *Miron v. Herbalife Int'l Inc.*, 11 Fed. App'x 927, 929 (9th Cir. 2001) ("In an action for breach of a written contract, a plaintiff must allege the specific provisions in the contract creating the obligation the defendant is said to have breached.").

Plaintiff's failure to identify an actual contract provision that was breached is fatal to his claim for breach of a written contract.  As a result, this claim should be dismissed.

### b.   Plaintiff fails to allege sufficient facts to support his claim for breach of the ECR Agreement.

As with his breach of contract claim regarding the Student Handbook, Plaintiff fails to allege sufficient facts to support his claim for breach of the ECR Agreement. Plaintiff's FAC alleges that "[a] clause within the ECR agreement was breached" but that it "cannot be disclosed as of yet due to the confidentiality clause within the agreement." (FAC ¶ 18, 65.)  Although later Plaintiff states that "[d]ue to the breach it is necessary to disclose the agreement," he nevertheless fails to identify any clause that was breached by RUSM.  (*Id.* ¶ 65.)  Again, to assert a claim for breach of contract, the terms must be "set

---

[4] Attaching the Student Handbook does not convert this Motion into a Motion for Summary Judgment because Plaintiff's breach of contract action alleges that the Student Handbook is the contract.  *See Branch v. Tunnell*, 14 F. 3d 449, 454 (9th Cir. 1994); *Knievel v. ESPN*, 393 F. 3d 1068, 1076-1077 (9th Cir. 2005) (same).

DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES

39481836v.5

out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference." *See Otworth*, 166 Cal. App. 3d at 459.   As Plaintiff failed to identify even this baseline fact, his cause of action for breach of the ECR Agreement should be dismissed.

### 3. Plaintiff's claim for "contract fraud" is time-barred and otherwise fails to state a claim.

#### a. Plaintiff's claim for fraud is time-barred.

Fraud has a statute of limitations of three years.   *See* Cal. Code Civ. Proc. § 338(d). The statute begins to run when the plaintiff suspects or should have suspected the alleged wrongdoing.   *See Sun'n Sand, Inc. v. United California Bank,* 21 Cal. 3d 671, 701 (1978) (the three-year statute of limitations begins to run upon the discovery, by the aggrieved party, of the facts constituting the fraud or mistake); *Doe v. Roman Catholic Bishop of Sacramento,* 189 Cal. App. 4th 1423, 1430 (2010) ("This discovery element has been interpreted to mean 'the discovery by the aggrieved party of the fraud or facts that would lead a reasonably prudent person to suspect fraud.'") (citations omitted).   Whatever fraud Plaintiff claims to have occurred (the FAC is, at best, unclear on this point), he must have suspected it (or should have suspected it) once he was dismissed from school in May 2013.   Indeed, as noted, Plaintiff's own FAC alleges that this is the "date of injury." (FAC ¶ 9.)   Given that this was more than three years before Plaintiff filed suit, the claim of "contract fraud" should be dismissed.

#### b. Plaintiff fails to state a claim for fraud on the merits.

In addition to being time-barred, Plaintiff fails to state facts sufficient to support a claim for fraud.   The elements of fraud require Plaintiff to plead: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) damage. *See Philipson & Simon v. Gulsvig,* 154 Cal. App. 4th 347, 363 (2007).   There is a heightened pleading standard for fraud; the plaintiff must plead fraud "with a high degree of meticulousness." *See* Fed. R. Civ. P. § 9(b); *Desaigoudar v. Meyercord,* 223 F. 3d 1020, 1022 (9th Cir. 2000).   Specificity is required, including

DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES

identifying the time, place, conduct, and parties involved.  *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.,* 806 F. 2d 1393, 1401 (9th Cir. 1986).

Plaintiff's allegations fall far short of meeting this heightened standard.  Plaintiff asserts that RUSM "deceived" him in 2011, "leading to a very unconscionable clause within the ECR agreement," which he again fails to identify.  (FAC ¶ 68.)  Plaintiff then states that RUSM made another (again, unidentified) fraudulent misrepresentation which it "knew to be untrue" and was made "for Plaintiff to rely on."  (*Id.*)  Plaintiff's failure to identify the alleged misrepresentation or the offending provision in the ECR, let alone any salient facts regarding RUSM's knowledge of falsity or intent to defraud Plaintiff into signing the ECR Agreement, falls far short of the applicable pleading standard.  *See, e.g., Wilheim v. Pray, Price, Williams and Russell,* 186 Cal. App. 3d 1324, 1331 (1986) (complaint for fraud must also "plead with specificity a factual basis for how [a defendant] 'knew' the representations she communicated … were false"); *Lacher v. Superior Court*, 230 Cal. App. 3d 1038, 1046 (1991) (observing that "(i)t is the element of intent which makes the fraud actionable").  The Court should dismiss Plaintiff's cause of action for "contract fraud."

### 4.    Plaintiff fails to state a claim for misrepresentation.

#### a.    Plaintiff's claim for misrepresentation is time-barred.

Claims for misrepresentation have a different statute of limitations depending on whether they are claims for intentional misrepresentation or negligent misrepresentation.  Negligent misrepresentation claims have a two-year statute of limitations period and intentional misrepresentation claims have a three-year statute of limitations period.  Cal. Code Civ. Proc. § 338(d); *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 834 F. Supp. 2d 949, 961 (C.D. Cal. 2012).  It is unclear which of the two causes of action Plaintiff meant to allege in his FAC; regardless, the claim is time-barred for the reason set forth above—Plaintiff's claim could not have accrued any later than May 2013, more than three years before he filed suit.

DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES

> **b.** **Plaintiff fails to state a claim for misrepresentation on the merits.**

Although it is not entirely clear, Plaintiff appears to allege "fraud by concealment" against RUSM.  The elements of a cause of action for fraud based on concealment or suppression require a plaintiff to plead that (1) defendant concealed or suppressed a material fact; (2) defendant was under a duty to disclose that fact to plaintiff; (3) defendant intentionally concealed or suppressed that fact with the intent to defraud plaintiff; (4) plaintiff was unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact; and (5) as a result of the concealment or suppression of the fact, plaintiff sustained damage.  *See Marketing West, Inc. v. Sanyo Fisher (USA) Corp.,* 6 Cal. App. 4th 603, 612-613 (1992).

Plaintiff claims only that RUSM "failed to inform [him] of any grading policy changes that would directly affect him" and that these grading policy changes were "obviously unknown" to him and it "was unlikely" that he would "discover or inquire about such information."  (FAC ¶ 71.)  Plaintiff fails to plead that a change in a grading policy was a material fact, that RUSM was under a duty to disclose this fact, or that RUSM *intentionally* concealed that fact with the *intent to defraud* Plaintiff.  Because Plaintiff failed to plead the basic elements, much less the specifics necessary for a fraud claim, his claim for misrepresentation should be dismissed without leave to amend.

> **5.** **Plaintiff fails to state a claim for breach of fiduciary duty.**

Plaintiff fails to allege sufficient facts for his claim of breach of fiduciary duty. The elements of a cause of action for breach of fiduciary duty are "the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach."  *See Pierce v. Lyman*, 1 Cal. App. 4th 1093, 1101(1991).  "In order to plead a cause of action for breach of fiduciary duty, there must be an adequate showing of each of these elements."  *See City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Cal. App. 4th 445, 483 (1998).

Here, Plaintiff fails to sufficiently allege the first element—that a fiduciary

14

relationship exists between him and RUSM.   Instead, Plaintiff acknowledges that "historically there is no fiduciary relationship between that of an educational institution and its students" and then summarily states that this should be set aside where "the magnitude of the student-institution or student-instructor relationship 'is more than a typical one.'"  (FAC ¶ 74.)  Plaintiff then asserts, without any supporting authority, that RUSM owed a fiduciary duty to him.  (*Id.*)  This conclusion of law is insufficient to plead the existence of a fiduciary relationship between Plaintiff and RUSM.  *See, e.g., Zumbrun v. University of Southern California*, 25 Cal. App. 3d 1, 13 (1972) (a "bare allegation that [the educational institution] assumed a fiduciary relationship or that [it] entered into an educational joint venture with [the student] are conclusions"); *see also Moore v. Regents of University of California*, 51 Cal. 3d 120, 134 n.12 (1990) (allegations that defendants were agents, acted within the scope of agency, and had a fiduciary duty to plaintiff were "egregious examples of generic boilerplate").  Plaintiff has not alleged, and cannot allege, facts sufficient to support a cause of action for breach of fiduciary duty by RUSM.  This claim should be dismissed.

### 6.   Plaintiff fails to state a claim for breach of the covenant of good faith and fair dealing.

Plaintiff fails to state a claim for breach of the covenant of good faith and fair dealing.  To allege a claim for breach of the covenant of good faith and fair dealing, a plaintiff must allege that: (1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did all or substantively all of the things that the contract required him to do or that he was excused from having to do so; (3) all conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff.  *See* Judicial Counsel of California Civil Jury Instructions § 325 (2013); *see also Reinhardt v. Gemini Motor Transport,* 879 F. Supp. 2d 1138, 1145 (E.D. Cal. 2012).

Plaintiff's allegations relating to this claim refer to the ECR Agreement, but as

discussed above, he does not attach or specify the terms of that agreement. (FAC ¶¶ 79-80.) Plaintiff fails to assert any facts showing that he did "all or substantively all of the things that the contract required to do" or that "all conditions required for the defendant's performance had occurred" or explain *how* RUSM supposedly interfered with his right to receive the benefits of the contract. Moreover, any assertion that RUSM breached the implied covenant of good faith and fair dealing is entirely duplicative of his claim for breach of implied contract and second claim for breach of a written contract, and must be dismissed for this additional reason. *See, e.g. Careau v. Security Pacific Business Credit. Inc.,* 222 Cal. App. 3d 1371, 1392-1395 (1990) (breach of implied covenant allegations that cite the same alleged acts and seek the same relief already claimed in companion contract cause may be disregarded as superfluous as no additional claim is actually stated).

Because Plaintiff failed to allege sufficient facts to support his claim for breach of the implied covenant for good faith and fair dealing, and as this claim is entirely duplicative of his breach of contract claim, this cause of action should be dismissed.

> **7.  Plaintiff fails to state a claim for breach of California's unfair competition law because the statute does not apply extraterritorially and Plaintiff failed to plead the requisite elements.**

California's Unfair Competition Law has limited extraterritorial reach. Violation of the Unfair Competition Law is a state law claim; the law "reaches any unlawful business act or practice committed *in California*." *See Sullivan v. Oracle,* 51 Cal. 4th 1191, 1208 (2011) (citing Cal. Bus. & Prof. Code § 17200 (emphasis added)). Accordingly, there is a presumption against extraterritorial application. *See id.* at 1207 (citing *Diamond Multimedia Sys., Inc. v. Superior Court,* 19 Cal. 4th 1036, 1059 (1999)); *see also Norwest Mortgage, Inc. v. Superior Court,* 72 Cal. App. 4th 214, 222–225 (1999). California's Unfair Competition Law may be applied extraterritorially only where the unlawful conduct that forms the basis of the out-of-state plaintiff's claim occurs in California. *See id.* at 1207–1209; *see also Fontenberry v. MV Transp., Inc.,* 984 F.

DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES
39481836v.5

Supp. 2d 1062, 1067 (E.D. Cal. 2013). Here, Plaintiff alleges that the "causes of action … were carried out and performed in the Commonwealth of Dominica." (FAC ¶ 4.) Plaintiff does not claim that any of the allegedly unlawful conduct occurred in California. Thus, California's Unfair Competition Law does not cover Plaintiff's claims.

In addition, Plaintiff fails to plead the requisite elements for a violation of the Unfair Competition Law, namely, that RUSM has a business practice that is unfair, unlawful or fraudulent. An "unfair" business practice occurs when the practice "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *See State Farm Fire & Cas. Co. v. Superior Court,* 45 Cal. App. 4th 1093, 1104 (1996) (citations omitted). Plaintiff alleges that RUSM's business conduct "satisfies at least one of the three prongs (unfair, unlawful, fraudulent business acts or practices)" and then confusingly attempts to incorporate a violation of California Professional Business Code § 17500 regarding false advertising. (FAC ¶¶ 83-85.) It is insufficient for Plaintiff to simply assert the phrase "unfair business practice," vaguely state that RUSM's (unidentified) conduct satisfies "at least one" of the prongs of the statute, and then expect those assertions to establish a plausible claim that any particular practice even exists, let alone one that "offends an established public policy" or is "immoral, unethical" or "substantially injurious to consumers." Meanwhile, Plaintiff's haphazard attempt to incorporate a violation of false advertising law under this cause of action is improper and should be disregarded. Plaintiff failed to state a claim for violation of California's Unfair Competition Law, and this claim should be dismissed.

### 8. Plaintiff fails to state a claim for violation of the California Education Code because it does not apply extraterritorially and Plaintiff failed to plead a viable claim.

Plaintiff also fails to state a claim for violation of the California Education Code. Based on RUSM's status as a medical school and Plaintiff's (erroneous) citations to the Education Code, Defendant assumes that Plaintiff intended to allege a violation of California's Private Postsecondary Education Act of 2009. The purpose of this Act is to

17

ensure "[m]inimum educational quality standards and opportunities for success for *California students* attending private postsecondary schools *in California*." *See* Cal. Educ. Code § 94801(d)(1) (emphasis added). It covers private postsecondary educational institutions which are defined as "private entit[ies] *with a physical presence in this state*." *See* Cal. Educ. Code § 94858 (emphasis added). RUSM is a medical school located in another country. (FAC ¶ 2.) The California Education Code, including the Private Postsecondary Education Act of 2009 contained therein, does not apply to RUSM.

In addition, Plaintiff fails to plead a viable claim for violation of the Education Code. Plaintiff alleges that RUSM violated Sections 92814(a) and (b) and Section 94814, in that Section 92814(a) made it mandatory for post-secondary institutions to provide information to students containing all "material facts" that are "reasonably likely to affect the decision of the student to enroll." (FAC ¶¶ 87-89.) In fact, Section 92814 of the California Education Code does not exist and Section 94814 provides only a definition for "Accrediting agency." Plaintiff's only other support for this cause of action, other than to cite non-existent or inapplicable code provisions, is to refer to a case that the Ninth Circuit dismissed based on the repeal of the legislation to which Plaintiff presumably refers. (FAC ¶ 87, citing *Daghlian v. DeVry University*, *Inc.,* No. 08-55036 (9th Cir. July 31, 2009).)

Setting aside these substantial issues, Plaintiff also does not allege what damages he is "entitled" to receive under the Education Code, other than making an unclear statement that violation of this legislation may render a contract unenforceable. (FAC ¶¶ 89.) Again, Defendant and the Court must be apprised of the actual legal claims Plaintiff is making; they cannot be required to scour research databases to attempt to piece together a potentially valid legal claim. Without question, Plaintiff failed to state a cognizable legal claim for violation of the California Education Code. This claim should be dismissed.

**9.    Plaintiff's cause of action for negligence is time-barred and otherwise fails to state a claim.**

18

39481836v.5

### a. Plaintiff's claim for negligence is time-barred.

The statute of limitations for negligence is two years. *See* Cal. Civ. Proc. § 335.1; *Nava v. Saddleback Memorial Med. Ctr.,* 4 Cal. App. 5th 285, 290 (2016). As noted, Plaintiff's date of injury occurred no later than May 2013. (FAC ¶ 9.) Accordingly, Plaintiff's cause of action for negligence is time-barred and should be dismissed.

### b. Plaintiff fails to state a claim for negligence on the merits.

Plaintiff also fails to state a viable claim for negligence on the merits. Negligence requires pleading: (1) the existence of a legal duty of care; (2) breach of that duty; and (3) proximate cause resulting in injury. *See McIntyre v. Colonies-Pac., LLC,* 228 Cal. App. 4th 664, 671 (2014). To support his claim, Plaintiff states that Defendant "owed [him] a duty" to "act according with educational and administrative matters absent of arbitrary, oppressive, unfair (even if strict) conduct." (FAC ¶ 94.) The simple recitation of the word "duty" does not support the existence of any *legal duty of care.* Plaintiff then states that Defendant "failed" the duty, with no explanation of how any duty was breached and states that "[e]vidently, [RUSM's] actions were an actual and proximate cause of [his] injuries." (*Id.*) Plaintiff must plead facts to support the elements of negligence, not just recite random legal conclusions. Plaintiff failed to state a claim for negligence, and this cause of action should be dismissed.

### 10. Plaintiff's claim for intentional infliction of emotional distress is time-barred and otherwise fails to state a claim.

### a. Plaintiff's claim for intentional infliction of emotional distress is time-barred.

In California, intentional infliction of emotional distress claims (as well as negligent infliction claims) have a two-year statute of limitations. *See* Cal. Civ. Proc. § 335.1; *Johnson v. Lucent Technologies Inc.*, 653 F. 3d 1000, 1008 (9th Cir. 2011) ("the statute of limitations [for intentional infliction of emotional distress] under [California law] is two years"); *Miller v. Bank of Am., Nat. Ass'n*, 858 F. Supp. 2d 1118, 1127 (S.D. Cal. 2012) ("In California, intentional and negligent infliction of emotional distress

1    claims have a two-year statute of limitations").  Once again, Plaintiff's date of injury

2    occurred in no later than May 2013, (FAC ¶ 9), and his claim is time-barred.

          **b.**      **Plaintiff fails to state a claim for intentional infliction of emotional distress on the merits.**

5          Plaintiff also fails to state a valid claim on the merits for intentional infliction of

6    emotional distress.[5]  The elements of a cause of action for intentional infliction of

7    emotional distress are that: (1) the defendant engaged in extreme and outrageous conduct

8    with the intent to cause, or with reckless disregard for the probability of causing,

9    emotional distress; (2) the plaintiff suffered extreme or severe emotional distress; and (3)

10   the defendant's extreme and outrageous conduct was the actual and proximate cause of

11   the plaintiff's extreme or severe emotional distress.  *See Yun Hee So v. Sook Ja Shin*, 212

12   Cal. App. 4th 652, 671 (2013).  Plaintiff alleges that his "academic dismissals" and

13   "matters pertaining to and leading up to the formation of the ECR agreement" showed

14   "extreme recklessness."  (FAC ¶ 97.)  This does not constitute a valid allegation of

15   extreme and outrageous conduct, as courts do not second-guess such decisions by

16   educational institutions.  *See Sweezy v. State of New Hampshire by Waxman,* 354 U.S.

17   234, 263 (1957) (Frankfurter, J. concurring) (referring to "four essential freedoms of a

18   university—to determine for itself on academic grounds who may teach, what may be

19   taught, how it shall be taught, and who may be admitted to study"); *see also Allison v.*

20   *Howard University,* 209 F. Supp. 2d 55, 61 (D.D.C. 2001).  In addition to failing to plead

21   extreme or reckless conduct, Plaintiff did not plead that RUSM had any intent to cause,

22   or acted with reckless disregard to cause, his emotional distress.  Plaintiff failed to state a

23   claim for intentional infliction of emotional distress, and this claim should be dismissed.

24         **11.**      **Plaintiff's claim for violation of the Rehabilitation Act of 1973 (or**

---

[5] Based on his allegation that Defendant engaged in "extreme and outrageous" conduct, Defendant assumes, for purposes of this motion, that Plaintiff intended to assert a claim for *intentional* infliction of emotional distress.  If Plaintiff argues that he intended to allege *negligent* infliction of emotional distress, Defendant reserves its right to address Plaintiff's failure to state a claim for this cause of action in its reply briefing.

the Americans with Disabilities Act) is time-barred and otherwise fails to state a claim because the statute does not apply extraterritorially.[6]

### a.   Plaintiff's claim is time-barred.

Although the Rehabilitation Act does not include a specific statute of limitations, the statute of limitations is "provided by the analogous state law." *See Douglas v. Cal. Dept. of Youth Auth.*, 271 F. 3d 812, 823 n. 11 (9th Cir. 2001). In this regard, California courts borrow the three-year statute of limitations from disability discrimination statutes for purposes of Rehabilitation Act claims. *See Kramer v. Regents of University of California*, 81 F. Supp. 2d 972, 977-978 (N.D. Cal. 1999). Plaintiff's latest possible date of injury is May 2013. (FAC ¶ 9.) Accordingly, he had until May 2016, at the latest, to file a claim for violation of the Rehabilitation Act.[7] Plaintiff's claim is time-barred and should be dismissed.

### b.   Plaintiff also cannot state a claim for violation of the Rehabilitation Act or Title III of the Americans with Disabilities Act because the Statutes do not apply in Dominica.

Regardless of which statute Plaintiff claims that RUSM violated, neither covers RUSM. "It is a longstanding principle" of American law that "legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States." *See Morrison v. National Australia Bank Ltd.,* 130 S. Ct. 2869, 2877-78 (2010) (citations omitted). Thus, "unless there is the affirmative intention of the Congress clearly expressed" to give a statute extraterritorial effect, "it has none." (*see id.*) (citations omitted). Section 504 of the Rehabilitation Act contains no clear indication

---

[6] In the caption of the FAC, Plaintiff alleges a violation of the Rehabilitation Act, but in the body of the Complaint he alleges a violation of the Americans with Disabilities Act. Plaintiff fails to state a claim for violation of either statute.

[7] There is no precedent in California establishing the statute of limitations for claims under Title III of the Americans with Disabilities Act; however, it is likely that the three-year statute of limitations period for Title II of the ADA and the Rehabilitation Act would apply, barring Plaintiff's claims. *See, e.g., Sharkey v. O'Neal*, 778 F. 3d 767, 768 (9th Cir. 2015) (applying three-year statute of limitations period to Title II of the ADA).

DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES

1   that Congress intended extraterritorial application. On the contrary, the express terms of

2   the statute limit its application to the United States because it protects only "otherwise

3   qualified individual[s] with a disability in the United States." 29 U.S.C. § 794(a).

4       The Department of Education's Office of Civil Rights has correctly opined in this

5   regard that Section 504 does not "extend extraterritorially" to cover Americans in "Study

6   Abroad Program[s]" operated by American universities. *Re: Ariz. State Univ.,* Case No.

7   08012047 (Dep't of Educ., Dec. 3, 2001) (Loomis Decl. ¶ 3, Ex. A). Nor does Section

8   504 "otherwise prohibit discrimination on the basis of disability in overseas programs."

9   *See id.* Indeed, the Third Circuit has held that the Rehabilitation Act does not apply at

10  RUSM's sister school—Ross University School of Veterinary Medicine, which is based

11  in the island nation of St. Christopher and Nevis. *See Archut v. Ross University School of*

12  *Veterinary Medicine,* 580 Fed. Appx. 90, 90-91 (3d Cir. 2014) (affirming district court's

13  "thorough and well-reasoned" opinion and order holding that the Rehabilitation Act does

14  not apply to conduct outside the United States).

15      Title III of the ADA also does not apply extraterritorially. In 1991, the Supreme

16  Court addressed whether Title VII of the Civil Rights Act applied extraterritorially to

17  regulate American employers who employ Americans abroad. *See EEOC v. Arabian*

18  *American Oil Co.*, 499 U.S. 244, 248. Applying the "longstanding principle" that statutes

19  do not apply extraterritorially unless Congress expressly says so, the Supreme Court held

20  that Title VII did not apply beyond U.S. borders. *See id.* at 248, 258-259. Responding to

21  this decision, Congress amended both Title VII and ***Title I*** of the ADA to "provide for

22  limited extraterritorial application." *See Asplundh Tree Expert Co., v. NLRB*, 365 F. 3d

23  168, 180 (3d Cir. 2004). Congress, however, amended only Title I of the ADA, which

24  concerns employment discrimination. *See* 102 P.L. 166, § 109. Congress did not amend

25  Title III, which covers public accommodations such as universities. As a result, the

26  ADA's extraterritorial provisions merely provide that "[i]f an employer controls a

27  corporation whose place of incorporation is a foreign country, any practice that

28  constitutes discrimination under this section . . . shall be presumed to be engaged in by

such employer." 42 U.S.C. § 12112(c)(2)(A) (emphasis added).   Likewise, Section 12112, the "section" referred to in § 12112(c)(2)(A), prohibits only disability discrimination "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, or privileges of employment." 42 U.S.C. § 12112(a).  "[T]his section" does not prohibit discrimination in public accommodations.  Rather, discrimination in public accommodations is covered by Title III, which (as discussed above) contains no clauses providing for extraterritorial application.  *See* 42 U.S.C. §§ 12181-12189.  Recognizing these facts, the Central District of California has held that the ADA's public accommodations provisions do not apply extraterritorially.  *See Loving v. Princess Cruise Lines, Ltd*, 2009 WL 7236419, at *2544-2546 (C.D. Cal. 2009) (noting that Title III "does not contain any express provisions extending its application to extraterritorial activities").

Furthermore, the ADA's legislative history "supports the conclusion that Congress did not intend Title III to apply extraterritorially."  *See id.* at *2545.  After all, when Congress amended Title I, it "did not enact a comparable amendment to Title III of the ADA."  *See id.*; *accord Archut v. Ross University School of Medicine,* No. 10-1681 (MLC), 2012 WL 5867148 (D. N.J. Nov. 19, 2012)*, affirmed,* 580 Fed. Appx. at 90-91.

As neither the Rehabilitation Act nor Title III of the ADA extends to RUSM's activities in Dominica, Plaintiff has failed to state a claim against Defendant for violation of either statute.  Plaintiff's claim should be dismissed.

### 12. Plaintiff's claim for violation of Title VI is time-barred and also fails because the statute does not apply in Dominica.

#### a. Plaintiff's claim for violation of Title VI is time-barred.

The statute of limitations for a claim under Title VI of the Civil Rights Act is based on California's personal injury statute, which contains a two-year statute of limitations.  *See Lee v. Board of Trs. Of the Cal. State Univ.,* 2015 WL 4272752 (C.D. Cal. 2015).  As explained previously, this lawsuit was filed nearly four years after Plaintiff's alleged

23

1   injury, so this claim should be dismissed as time-barred.

2           **b.    Title VI does not apply in Dominica, and Plaintiff's claim
3                   under the statute should be dismissed for this additional
                    reason.**

4           As explained above with regard to Plaintiff's claim for violation of the

5   Rehabilitation Act, American law generally "is meant to apply only within the territorial

6   jurisdiction of the United States."  *See Morrison v. National Australia Bank Ltd.,* 130 S.

7   Ct. at 2877-78.  Title VI of the Civil Rights Act (which applies to entities that administer,

8   oversee, or operate a federally assisted program or activity for the public) states that no

9   person "in the United States" shall be discriminated against on the basis of race, color, or

10  national origin by an entity receiving federal financial assistance.  42 USCS § 2000(d).

11  The regulations further define the "United States" (as if it needed definition) to include

12  "States of the United States, the District of Columbia, Puerto Rico, the Virgin Islands,

13  American Samoa, Guam, Wake Island, the Canal Zone, and the territories and

14  possessions of the United States."  34 CFR 100.13(e).  Under the plain language of the

15  statute and regulation, Title VI does not apply in Dominica, which is not located in the

16  United States.  *Cf. Archut*, 2012 WL 5867148, *affirmed,* 580 Fed. Appx. at 90-91.

17          Furthermore, when Congress amended Title VII of the Civil Rights Act to respond

18  to *Arabian American Oil Co.* to "provide for limited extraterritorial application," it did

19  not amend Title VI.  Accordingly, Title VI's legislative history supports the conclusion

20  that Congress did not intend for Title VI to apply extraterritorially because Congress did

21  not enact a similar amendment to Title VI.  *See, e.g., Archut,* 2012 WL 5867148,

22  *affirmed,* 580 Fed. Appx. at 90-91.

23          Because Title VI does not extend to RUSM's activities in Dominica, Plaintiff has

24  failed to state a claim for violation of this statute, and this claim should be dismissed.

25  **VI.    CONCLUSION**

26          Fundamentally, the Court possesses no jurisdiction over RUSM with respect to the

27  claims in Plaintiff's complaint, and Plaintiff's lawsuit should be summarily dismissed for

28  that reason alone.  That said, even if the Court did possess jurisdiction over RUSM,

24

1   Plaintiff has failed to plead any valid legal claim against the school.  His claims are time-
2   barred, some of them are claims for violation of statutory provisions that do not apply to
3   conduct occurring in a foreign country, and his claims otherwise fail to plead a plausible
4   cause of action.  Plaintiff undoubtedly is a troubled individual, but the solution to his
5   troubles is not to pursue a meritless lawsuit against his former medical school in a
6   jurisdiction that makes no legal or practical sense.  Plaintiff's lawsuit should be dismissed
7   with prejudice.

8   DATED: August 2, 2017                    Respectfully submitted,

9                                            SEYFARTH SHAW LLP

10

11                                           By: /s/ Elisabeth C. Watson
12                                               Elisabeth C. Watson
                                                 Alison C. Loomis
13                                           Attorneys for Defendant
                                             ROSS UNIVERSITY SCHOOL
14                                           OF MEDICINE, SCHOOL OF
                                             VETERINARY MEDICINE LIMITED

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES
39481836v.5