```
1    SEYFARTH SHAW LLP
     Elisabeth C. Watson (SBN 184332)
2    ewatson@seyfarth.com
     333 S. Hope Street, Suite 3900
3    Los Angeles, CA 90071
     Telephone:  (213) 270-9600
4    Facsimile:   (213) 270-9601

5    SEYFARTH SHAW LLP
     Alison Loomis (SBN 296618)
6    aloomis@seyfarth.com
     560 Mission Street, 31st Floor
7    San Francisco, California 94105
     Telephone:  (415) 397-2823
8    Facsimile:   (415) 397-8549

9
     Attorneys for Defendant
10   ROSS UNIVERSITY SCHOOL OF MEDICINE,
     SCHOOL OF VETERINARY MEDICINE
11   LIMITED
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DAVID TRAN,<br><br>          Plaintiff,<br><br>     v.<br><br>ROSS UNIVERSITY SCHOOL OF MEDICINE,<br><br>          Defendant. | Case No. 5:17-cv-00583 JGB(DTBx)<br><br>**DECLARATION OF ALISON LOOMIS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS UNDER FRCP 12(B)(2) AND 12(B)(6)**<br><br>Date:     October 23, 2017<br>Time:     9:00 a.m.<br>Crtrm:    1<br>Judge:    Jesus G. Bernal<br><br>Date Action Filed: March 27, 2017 |

I, Alison Loomis, declare:

1. I am an attorney licensed to practice law in the State of California and am an associate with the law firm Seyfarth Shaw LLP, counsel for Defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("Defendant"). I make this

declaration in further support of Defendant's Motion To Dismiss Under FRCP 12(b)(2) and 12(b)(6). This declaration is based on my personal knowledge, and if called upon, I could and would testify competently to the matters set forth herein.

2. On July 26, 2017 I met and conferred with Plaintiff on the telephone regarding Defendant's position on the Court's lack of personal jurisdiction and Plaintiff's failure to state a claim. The parties failed to reach a resolution.

3. For the Court's convenience, I have attached a copy of an authority that may be difficult for the Court to locate. **Exhibit A** is a true and accurate copy of *Re: Ariz. State Univ.*, Case No. 08012047 (Dep't of Educ., Dec. 3, 2001).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 2, 2017 in San Francisco, California.

_____
Alison C. Loomis

DECLARATION OF ALISON LOOMIS IN SUPPORT OF MOTION TO DISMISS

39565410v.1

# EXHIBIT A

# EXHIBIT A

DEPARTMENT OF EDUCATION
REGION VIII
FEDERAL OFFICE BUILDING
1244 SPEER BLVD., SUITE 4310
DENVER, COLORADO 80204.3582

Dr. Lattie Coor
President
Arizona State University
P.O. Box 872203
Tempe, Arizona 85287-2203

DEC 0 3 2001

Re:   Arizona State University
      Case Number: 08012047

**GENERAL COUNSEL
ARIZONA STATE UNIVERSITY**

Dear Dr. Coor:

This letter is to notify you that the U.S. Department of Education, Office for Civil Rights (OCR) has completed its resolution of case number 08012047, which we received on June 7, 2001. The complainant alleged that Arizona State University (University) discriminated against him on the based on his disability (deaf). Specifically, the complainant alleged that the University has denied him an auxiliary aid (interpreter services).

OCR is a law enforcement agency responsible for enforcing Federal civil rights laws. This complaint was evaluated pursuant to Section 504 of the Rehabilitation Act of 1973 (Section 504), which prohibits discrimination on the basis of disability in programs and activities funded by the U.S. Department of Education:, and Title II of the Americans with Disabilities Act, (Title II), which prohibits discrimination on the basis of disability by public elementary and secondary educational systems and institutions, public institutions of higher education and vocation education and public libraries. The University is a public institution that receives federal financial assistance from our Department and is subject to these laws. In reaching our determination regarding the allegations, OCR reviewed information provided by the complainant and the University, OCR policy, and available case law.

Generally, the regulations implementing Title II require that public colleges and universities make such reasonable modifications in policies, practices, or procedures as are necessary to avoid discrimination on the basis of disability, unless to do so would effect a fundamental alteration in the nature of the service,

Page 2 - Dr. Lattie Coor

program or activity. 28 Code of Federal Regulation § 35.130(b)(7). Additionally, Title II regulations require that a public entity, such as the University, provide appropriate auxiliary aids and services where necessary to afford disabled individuals an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity conducted by the public entity. 28 C.F.R. § 35.160(b)(2). Similarly, Section 504's implementing regulations require that a recipient make such modifications to their academic requirements as are necessary to ensure that such requirements do not discriminate or have the effect of discriminating, on the basis of disability, against a qualified individual with a disability. Additionally, a recipient is to take such steps as are necessary to ensure that no disabled student is denied the benefits of, excluded from participation in, or otherwise subjected to discrimination because of the absence of educational auxiliary aids for students with impaired sensory, manual, or speaking skills. 34 C.F.R. § 104.44(a) and (d).

Information provided by the complainant explains that he wished to participate in a "Study Abroad Program," and he requested that the University provide a sign language interpreter for him while abroad in Ireland. According to information he provided, the University refused to pay for interpreter services for him while in Ireland. Information provided by the University confirms that the complainant applied to and was accepted for the Study Abroad Program at University College Cork in Ireland. Additionally, OCR received a copy of a letter addressed to the complainant from the University and dated May 14, 2001. In this letter, the University advised him that, the University's General Counsel's Office had analyzed the applicability of Title II and Section 504 to his request for an interpreter while in Ireland, and concluded that the provisions of Title II and Section 504 did not apply. Consequently, the complainant, the student, would bear the expense of any interpreter services or other auxiliary aids or services that he desired while studying in Ireland. The May letter also notes that the General Counsel reviewed its analysis with an OCR staff attorney, who concurred with General Counsel's interpretation.

Upon reviewing the information provided by the complainant and the University, as well as current OCR policy information, and available case law, it is OCR's determination that Section 504 and Title II protections do not extend extraterritorially. In other words, it is OCR's position that neither Section 504 nor Title II requires the University to provide auxiliary aids and services in overseas programs. Nor does either statute otherwise prohibit discrimination on the basis of disability in overseas programs. As such, we have concluded that the University's refusal to provide and or pay for interpreter services for the complainant while participating in the Study Abroad Program in Ireland is not prohibited discrimination under the laws OCR enforces. Therefore, we are closing this complaint effective the date of this letter.

o

Page 3 - Dr. Lattie Coor

This letter is not intended, nor should it be construed to cover any other issues regarding compliance with the applicable statutes that may exist and are not specifically discussed herein. Under the Freedom of Information Act, it may be necessary to release this document and records upon request. In **the event that OCR** receives such a request, we will seek to protect, to the extent provided by law, personally identifiable information, which, if released, could reasonably be, expected to constitute an unwarranted invasion of personal privacy.

We appreciate the courtesy and cooperation of University staff throughout the investigation of this complaint. If you have any questions, please feel free to contact Judee Spaulding at (303) 844-4573, or me at (303) 844-4506.

                        Respectfully,

                        L. Thomas Close
                        Supervisory Team Leader

cc:    Cynthia L. Jewett, Associate General Counsel
       Office of General Counsel