David T. Tran
4396 Formosa St.
Jurupa Valley, CA 92509
(415) 497-8534
trantdavid@gmail.com

David T. Tran, In Pro Per

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **David T. Tran**, | CASE NUMBER: 5:17-cv-00583-JGB-DTBx |
| Plaintiff, | **MOTION FOR CHANGE OF VENUE, PURSUANT TO 28 U.S.C. § 1406(a)** |
| v. | |
| **Ross University School of Medicine**, | |
| Defendant | |

## INTRODUCTION

PLAINTIFF, before the Court, motions for a transfer of venue from the Central District of California to the Southern District of Florida. 28 U.S.C. §

1406(a) permits for a transfer of venue if the case where it currently sits in is improper. In addition, transferring requires that doing so would be in the "best interest of justice" AND the forum in which the movant seeks relocation to could have originally been brought in that forum. Moreover, defendant's motion to dismiss pursuant to F.R.C.P. 12(b)(6) for a failure to state a claim (filed on August 2, 2017) during a challenge in venue should not be considered (See *Madara v. Hall* (11th Cir. 1990) 916 F.2d 1510, 1514, fn. 1; *Arrowsmith v. United Press International* (2nd Cir. 1963) 320, F.2d 219, 221). This is because a court that lacks jurisdiction or venue should not decide on substantive questions. [See generally, *Yokeno v. Sekiguchi* (9th Cir. 2014) 754, F.3d 649, 651, fn.2. --- res judicata defense not a "threshold ground" to be considered in advance of the merits]. PLAINTIFF's argument follows.

On September 27, 2017, both parties, pursuant to Local Rule 7.3, engaged in discussions regarding this motion. No compromise was reached. Counsel of defendant attempted to elude PLAINTIFF to voluntarily dismiss the case, which would be an adjudication on the merits if done so for the second time.

## ARGUMENT

**A.    Transfer would be in the "best interest of justice"**

When venue is improper in the district in which the plaintiff has originally

brought the action, a district court may transfer the action to another district, if it would be in the best "interest of justice", under Section 1406(a), **whether or not** the transferor court has personal jurisdiction over the defendant. See *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962) ("The language of 28 U.S.C. 1406(a) is amply broad enough to authorize the transfer of cases, **however wrong** the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not"). Upon defendant's Motion to Dismiss, PLAINTIFF acknowledges or is fearful that the lack of personal jurisdiction would dismiss the case (dismissal for lack of personal jurisdiction shall be done so without prejudice --- *In re Great Lakes Dredge & Dock Co., LLC*, 624 F.3d 201, 209 (5th Cir. 2010)) and waste time and resources. However, it is in the best interest of justice to avoid cost and delay that would result from dismissal and refiling (See *Verosol B.V. v. Hunter Douglass, Inc.*, 806 F. Supp. 582, 594 (E.D. Va. 1992)). Moreover, PLAINTIFF has a desire for transfer because it would allow for him to pursue claims that would otherwise be barred by the statute of limitations (e.g. tort claims, breach of implied-in-fact contract) in the transferor court, in which he originally believed to be longer than what turned out to be. Normally, if there is another district or division in which the action could have been brought, transfer is preferred to the harsh remedy of dismissal. Transfer avoids any statute of limitations problems and the necessity of

filing and serving a new action.  [*Minnette v. Time Warner* (2nd Cir. 1993) 997 F2d 1023, 1026-1027; *ConocoPhillips Co. v. Jump Oil Co., Inc.* (ND OK 2013) 948 F.Supp.2d 1272, 1284]. See *Minnette v. Time Warner,* 997 F.2d 1023, 1026-1027 (2d Cir. 1993)(since the "functional purpose of [28 U.S.C. 1406(a)] is to eliminate impediments to the timely disposition of cases and controversies on their merits, … the transfer of the action, where the statute of limitations has run, is in the interest of justice"). A case that would otherwise be dismissed in the transferor court would be recommended with the running of the statute of limitations in the transferee court (See *Munns v. Kerry* (9th Cir. 2015) 782 F3d 402, 414).

The court should only dismiss if transfer is not in the "interest of justice". For example, transfer will not be in the interest of justice if PLAINTIFF brought the case to the wrong district for some improper purpose and in bad faith, to harass the defendant with litigation in a remote forum or "blatant forum shopping" or if it was deliberately or obviously filed in the "wrong" court [See *Nichols v. G.D. Searle & Co.* (4th Cir. 1993) 991 F2d 1195, 1201; *Dubin v. United States* (5th Cir. 1967) 380 F2d 813, 816, fn. 5; see also *Stanifer v. Brannan* (6th Cir. 2009) 564 F3d 455, 460. However, it is evident that PLAINTIFF strongly believed that California would exercise personal jurisdiction based on 'minimum contacts' since defendant's presence within the state is at least rather substantial. Upon further research, however, PLAINTIFF is strongly doubtful of whether or not California has

personal jurisdiction over the defendant based on the doctrine of 'minimum

contacts'. Hence, there was no bad faith or deliberate filing in a "wrong" court,

which PLAINTIFF concedes to the fact when reading defendant's demurrer. It

would also be convenient for PLAINTIFF to pursue his claims in his home state of

residence (California) due to the lack of financial resources. However, such lack of

resources would not deter PLAINTIFF from seeking justice if it is necessary that

personal jurisdiction must be met elsewhere. Finally, court should only dismiss if

PLAINTIFF's complaint is *very* weak and there is no apparent statute of limitations

problem (See *Cook v. Fox* (9th Cir. 1976) 537 F2d 370, 371; *McFarland v.*

*Memorex Corp.* (ND CA 1980) 493 F.Supp. 657, 659-660; *Laukus v. United States*

(D DC 2010) 691 F.Supp.2d 119, 127]. To fix this issue, PLAINTIFF intends to file

a second amended complaint now that he understands the concept of "failure to

state a claim". In this second amendment, PLAINTIFF intends to correct this

deficiency in which he was never aware of until defendant's Motion to Dismiss. It

is essential that PLAINTIFF be made aware of deficiencies in his/her complaint

(See  *B.Platsky v. CIA*,  953 F.2d  25, 26 28 (2nd Cir. 1991)("Court errs if court

dismisses pro se litigant without instruction of how pleadings are deficient and how

to repair pleadings").

      For the aforementioned reasons, transfer should be considered in the best

interest of justice.

**B.      Suit could have originally been brought to transferee court**

For the Federal Court in the Southern District of Florida to exercise full jurisdiction, personal jurisdiction and subject matter jurisdiction requirements must be met in that district in this case. For subject matter jurisdiction to exist (for purposes to bring a suit in federal court), the suit must either raise a federal question at hand or both parties must meet diversity requirements. In this case, diversity jurisdiction is met pursuant to 28 U.S.C. § 1332(a) since PLAINTIFF and ROSS were and are citizens/corporations of different States (ROSS does not have its principal place of business within California) AND the amount PLAINTIFF seeks in damages exceeds $75,000.

 Corporations are "deemed to reside … in *any* judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." [28 USC § 1391(c)(2)]. Accordingly, personal jurisdiction is satisfied through either general or specific jurisdiction. This Court should have general jurisdiction over ROSS because its *principal place of business* is within Florida and where it is "essentially at home" (See *Daimler AG v. Bauman*, et al., 134 S. Ct. 746 (2014)) OR specific jurisdiction because a substantial and continuous portion of its business activities occurs within this state.

For the purposes of general jurisdiction, the US Supreme Court has adopted the "nerve center" test to indicate that a corporation's principal place of business is

provided where the corporate headquarters should be, "provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center." See *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). With substantial administrative operations within this state, including the location of The Office of the Dean and Other Administrative Offices, The Office of Admissions, The Office of Student Services, and other coordination officers, ROSS is indeed "at home" within the Southern District of Florida. Even should it be that ROSS' principal place of business not exist within this state, in which it should be, personal jurisdiction can also be met via specific jurisdiction since it is evident that ROSS conducts "continuous and substantial" business within this state under 'minimum contacts', and thus, would not "offend traditional notions of fair play and substantial justice" nor "violate the [otherwise] nonresident defendant's constitutional right to due process" (See *International Shoe Co. v. State of Washington, Office of Unemp. Compensation & Placement* (1945) 326 US 310, 316, 66 S.Ct. 154, 158) even if the causes of action occurred extraterritorially (See *Perkins v. Benguet Consolidated Mining Co*., 342 U.S. 437 (1952)). A defendant is subject to Florida's long-arm statute if, among others, it is "operating, conducting, engaging in, or carrying on a business or business venture in this state or **having an office or agency in this state** [Florida Statutes § 48.193(1)(a)] … or it is engaged in substantial and not isolated activity within this state, whether such activity is

wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity [Florida Statutes § 48.193(2)]". Indeed, ROSS has a physical location (e.g. property) in which it conducts substantial operational activities within this state at 2300 SW 145th St., Suite 200, Miramar, Florida 30027, even as stated on its official website and catalog (See Attached Exhibit A). Simply put, a defendant can be sued if it has an office or physical location within Florida since it would make sense that an employee (of the defendant) working at the location (or anyone) can file suit against it. Furthermore, ROSS conducts business within Florida under it's parent company, DeVry Education Group, which is a for-profit corporation registered with the Florida Department of State (See Attached Exhibit A). For the aforementioned reasons, it would make sense, and as a matter of law, that this Court have full jurisdiction in this case.

Venue in the Southern District of Florida is proper since the defendant can be haled to a judicial district in which it is subject to the court's personal jurisdiction with respect to such action(s) as presented above. 28 U.S.C. § 1391(b)(3).

## **CONCLUSION**

According to the aforementioned argument, PLAINTIFF respectfully requests that this case be transferred to the Southern District of Florida. Meanwhile,

PLAINTIFF also respectfully requests that defendant's motion to dismiss filed on August 2, 2017 is not considered during this challenge in venue (Please see *Madara v. Hall* (11th Cir. 1990) 916 F.2d 1510, 1514, fn. 1; *Arrowsmith v. United Press International* (2nd Cir. 1963) 320, F.2d 219, 221). This is because a court that lacks jurisdiction or venue should not decide on substantive questions. [See generally, *Yokeno v. Sekiguchi* (9th Cir. 2014) 754, F.3d 649, 651, fn.2. --- res judicata defense not a "threshold ground" to be considered in advance of the merits]. PLAINTIFF also intends to file a Motion for Continuance in order to delay the demurrer hearing currently scheduled for October 23, 2017 in the Central District of California for these reasons. Upon Judge Bernal's order for transfer to the Southern District of Florida, PLAINTIFF will then file a Motion for Leave to File Amended Complaint along with the second amended complaint to cure his "failure to state a claim".


Respectfully submitted on September 29, 2017.


David T. Tran

**(I CONSENT for this to be my electronic signature)**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REQUEST FOR VENUE CHANGE