SEYFARTH SHAW LLP
Elisabeth C. Watson (SBN 184332)
ewatson@seyfarth.com
333 S. Hope Street, Suite 3900
Los Angeles, CA 90071
Telephone:  (213) 270-9600
Facsimile:   (213) 270-9601

SEYFARTH SHAW LLP
Alison Loomis (SBN 296618)
aloomis@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:   (415) 397-8549

SEYFARTH SHAW LLP
Brian Stolzenbach (*pro hac vice*)
bstolzenbach@seyfarth.com
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone:  (312) 460-5000
Facsimile:   (312) 460-7000

Attorneys for Defendant
ROSS UNIVERSITY SCHOOL OF MEDICINE,
SCHOOL OF VETERINARY MEDICINE
LIMITED

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION**

| | |
|---|---|
| DAVID T. TRAN,<br><br>            Plaintiff,<br><br>     v.<br><br>ROSS UNIVERSITY SCHOOL OF MEDICINE,<br><br>            Defendant. | Case No. 5:17-cv-00583 JGB(DTBx)<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1406(a)**<br><br>Judge:           Jesus G. Bernal<br>Action Filed:   March 27, 2017<br>Hearing Date:  December 11, 2017<br>Hearing Time:  9:00 a.m. |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER VENUE

41678868v.2

## I. INTRODUCTION

In response to Defendant's motion to dismiss his lawsuit (*see* Dkt. No. 18), Plaintiff concedes that the Court does not possess personal jurisdiction over Defendant but moves to transfer venue to the U.S. District Court for the Southern District of Florida. (*See* Dkt. No. 26 at 2:1-2, moving to transfer venue under 28 U.S.C. § 1406(a), which applies only to cases "laying venue in the wrong division or district" and conceding that venue in this Court "is improper"; *id.* at 3:15-16, stating that Plaintiff "acknowledges or is fearful that the lack of personal jurisdiction would dismiss the case"; *id.* at 5:3-5, admitting that Plaintiff "is strongly doubtful of whether or not California has personal jurisdiction over the defendant"; *id.* at 5:6-8, where Plaintiff "concedes to the fact [that this Court is the "'wrong' court"] when reading defendant's demurrer.")

Plaintiff's motion to transfer venue should be denied because the U.S. District Court for the Southern District of Florida also has no personal jurisdiction over Defendant. Plaintiff contends (without proper evidentiary support) that Defendant has an office and performs certain work in Southern Florida, but even aside from his evidentiary failings in this regard, a court may not assert personal jurisdiction over a defendant merely because the defendant has a presence within the court's territorial boundaries. The court in Florida would have personal jurisdiction over Defendant only if the actions giving rise to this lawsuit had a connection to Southern Florida or the defendant's place of incorporation or principal place of business were located there. Neither is the case. The alleged events giving rise to this case occurred in the Commonwealth of Dominica, the same country where Defendant is incorporated and where its only campus (*i.e.*, its principal place of business) is located. Because Plaintiff has not established that the transferee court would have been an appropriate place for filing his lawsuit in the first instance, his motion to transfer venue should be denied, Defendant's motion to dismiss should be granted, and the entire lawsuit should be dismissed.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER VENUE

41678868v.2

## II. ARGUMENT

Because Plaintiff admittedly filed this action in the wrong venue, the Court may respond to Plaintiff's motion by dismissing the action altogether or, "if it be in the interest of justice," transferring the action to a district in which it could have been brought. *See* 28 U.S.C. § 1406(a); *Kunz v. State of Alaska*, 902 F.2d 1578 (9th Cir. 1990). An action could have been brought in a district where (1) the court has personal jurisdiction over the defendant, (2) there is proper subject matter jurisdiction, and (3) there is proper venue. *See Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001). The moving party bears the burden of showing that the lawsuit could have been brought in the transferee district. *See Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009) (moving party must establish that the matter might have been brought in the transferee district "this includes demonstrating that subject matter jurisdiction, personal jurisdiction, and venue would have been proper if the plaintiff had filed the action in the district to which transfer is sought."); *Billing v. CSA-Credit Sols. of Am., Inc.*, No. 10-CV-0108 BEN (NLS), 2010 WL 2542275, *5 (S.D. Cal. June 22, 2010) (factors relevant to determining whether interest of justice warrant transfer under Section 1406(a) and Section 1404(a) are the same). Courts have declined to transfer cases and instead dismiss them if the movant cannot show that the case could have been brought in the transferee district. *See M. Dean Kaufman, Inc. v. Warnaco, Inc.*, 299 F. Supp. 722, 725 (D. Conn. 1969) (severing and dismissing claims against defendant where there was "difficulty of obtaining jurisdiction over the individual defendants in a forum both convenient to plaintiff and where venue is proper."); *Nizami v. Woods*, 263 F. Supp. 124, 125 (S.D.N.Y. 1967) (dismissing an action on grounds of improper venue rather than transferring it). As explained below, Plaintiff has not established that the U.S. District Court for the Southern District of Florida is a court in which this action could have been brought.

### A. The U.S. District Court for the Southern District of Florida Does Not Have Personal Jurisdiction Over Defendant.

A federal court must engage in a two-step process to determine whether the exercise of personal jurisdiction over defendant is appropriate: first, it must evaluate whether the exercise of jurisdiction is authorized by the state's long-arm statute; second, it must evaluate "whether the exercise of jurisdiction violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *See McCullough v. Royal Caribbean Cruises, Ltd.*, No. 16-CV-20194, 2017 WL 3115751, *3 (S.D. Fla. July 21, 2017) (citations omitted). There are two types of personal jurisdiction: general and specific. *See Bristol-Myers Squibb Co. v. Superior Court of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1779-80 (2017). General jurisdiction exists only when the organization is "essentially at home" in the forum state (*i.e.*, generally only when the defendant's state of incorporation or principal place of business is found within the forum state). *See id.* at 1780. Because "the reach of the general jurisdiction provisions of the Florida long-arm statute is coextensive with the limits of the Due Process Clause" the Court need not analyze them separately. *See McCullough*, 2017 WL 3115751 at *3 (citing *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015)). Specific jurisdiction may be invoked only when the claim at issue arises from, or is connected to, the defendant's activities within the forum. *See Bristol-Myers*, 137 S. Ct. at 1780. Based on these established principles, Plaintiff's cannot show that the U.S. District Court for the Southern District of Florida possesses personal jurisdiction over Defendant.

#### 1. The U.S. District Court for the Southern District of Florida Does Not Possess General Jurisdiction Over Defendant.

General jurisdiction arises when a defendant's "affiliations with the State . . . are so constant and pervasive 'as to render [it] essentially at home in the state.'" *See Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) (quoting *Goodyear Dunlop Tires Operations. S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). Only in an "exceptional case" will a court have general jurisdiction over a corporation in a state other than the corporation's state of

incorporation or principal place of business. *See Daimler AG*, 134 S. Ct. at 761 n.19. "In other words, if the corporation does not act in the forum in such a way that the forum is regarded as essentially equivalent to its place of incorporation or principal place of business, general jurisdiction over the corporation would violate due process." *McCullough*, 2017 WL 3115751.

Here, Defendant is neither headquartered nor incorporated in Florida. To begin with, it is a private company limited by shares, organized under the laws of the Commonwealth of Dominica. (*See* Dkt. No. 18-1, Harper Decl. ¶ 2.) At the same time, Defendant—whose principal business pursuit is educating medical students at the medical school it operates—has its one and only campus in the same country, Dominica. (*See* Dkt. No. 18-2, Owen Decl. ¶ 2.)

Plaintiff does not dispute Defendant's place of incorporation, but he does assert that Defendant "has a physical location . . . in which it conducts substantial operational activities . . . at 2300 SW 145th St., Suite 200, Miramar, Florida 30027, even as stated on its official website and catalog" and goes on to argue that "a defendant can be sued if it has an office or physical location within Florida." (Dkt. No. 26 at 8:8-14.) In support of this assertion, he attaches a single sheet of paper, which appears from its contents to be an online catalog from November 2016 but is not otherwise identified or authenticated by Plaintiff in any way. (*See id.*; *see* Dkt. No. 26-2.) Plaintiff is wrong. Even assuming this flawed "evidence" shows that Defendant has an office in Miramar, Florida, this does not establish that its *principal place of business* is in Miramar. Contrary to Plaintiff's argument, merely having an office in South Florida is insufficient to give the U.S. District Court for the Southern District of Florida general jurisdiction over Defendant. *See, e.g.*, *Wylie v. Red Bull N. Am., Inc.*, 627 F. App'x 755, 758 (11th Cir. 2015) (rejecting argument that defendant's principal place of business is located in the place indicated on its Department of State filing). Consequently, Plaintiff has failed to demonstrate general personal jurisdiction over Defendant in the court to which he seeks a transfer.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER VENUE

41678868v.2

## 2. The U.S. District Court for the Southern District of Florida Does Not Possess Specific Jurisdiction Over Defendant.

Under Florida's long-arm statute, "[s]pecific jurisdiction requires a connection or 'connexity' between the enumerated activity in Florida and the cause of action." *See Aegis Def. Servs., LLC v. Gilbert*, 222 So. 3d 656, 661 (Fla. Dist. Ct. App. 2017) (finding that plaintiff's pre-employment activities that occurred in Florida did not establish specific jurisdiction over defendant for claims arising out of the work he performed in Afghanistan); *Camp Illahee Inv'rs, Inc. v. Blackman*, 870 So. 2d 80, 85 (Fla. Dist. Ct. App. 2003) ("By its terms, section 48.193(1) requires connexity between the defendant's activities and the cause of action."); Fla. Stat. Ann. § 48.193(1)(a) (West). Notions of due process also require an "affiliation between the forum and the underlying controversy, principally [an] activity or an occurrence that takes place in the forum State" and without such a connection, "specific jurisdiction is lacking regardless of the extent of defendant's unconnected activities in the State." *See Bristol-Myers*, 137 S. Ct. at 1781 (quoting *Goodyear Dunlop*, 131 S. Ct. at 2846). To find specific jurisdiction over Defendant in Florida, Plaintiff must establish that his claims are principally connected to Defendant's activities in Florida. He has not done so.

Plaintiff's statement that Defendant has an office in Miramar does not establish any connection between that office and his actual claims. Indeed, Plaintiff does not allege in his Amended Complaint that anything happened in Florida. (*See generally* Dkt. No. 17.) The only mention of Florida in the entire Amended Complaint comes in Paragraph 2, in the midst of arguments about jurisdiction, when he claims that Defendant has an office there. (*See id.* ¶ 2.) Absent any connection between his allegations and the State of Florida, Plaintiff cannot establish that the U.S. District Court for the Southern District of Florida has specific jurisdiction over Defendant. As a result, because he also failed to establish that court's general jurisdiction over Defendant, Plaintiff has failed to show that the court to which he seeks a transfer is a court in which he could have brought his claims in the first place. Consequently, his motion to transfer should be denied.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER VENUE

41678868v.2

## III. CONCLUSION

Because Plaintiff did not oppose Defendant's motion to dismiss for lack of personal jurisdiction but instead acknowledged this Court's lack of jurisdiction and filed a motion to transfer venue to another court that also lacks personal jurisdiction over Defendant, Plaintiff's lawsuit should be dismissed in its entirety.

DATED: November 8, 2017

Respectfully submitted,

SEYFARTH SHAW LLP

By: *s/Brian Stolzenbach*
Brian Stolzenbach
Counsel for Defendant
ROSS UNIVERSITY SCHOOL OF MEDICINE, SCHOOL OF VETERINARY MEDICINE LIMITED