SEYFARTH SHAW LLP
Elisabeth C. Watson (SBN 184332)
ewatson@seyfarth.com
333 S. Hope Street, Suite 3900
Los Angeles, CA 90071
Telephone:   (213) 270-9600
Facsimile:    (213) 270-9601

SEYFARTH SHAW LLP
Alison Loomis (SBN 296618)
aloomis@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:   (415) 397-2823
Facsimile:    (415) 397-8549

SEYFARTH SHAW LLP
Brian Stolzenbach (*pro hac vice*)
bstolzenbach@seyfarth.com
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone:   (312) 460-5000
Facsimile:    (312) 460-7000

Attorneys for Defendant
ROSS UNIVERSITY SCHOOL OF MEDICINE,
SCHOOL OF VETERINARY MEDICINE
LIMITED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DAVID T. TRAN, | Case No. 5:17-cv-00583 JGB(DTBx) |
| Plaintiff, | **DEFENDANT'S SECOND UNOPPOSED MOTION TO CONTINUE HEARING ON DEFENDANT'S MOTION TO DISMISS UNDER FRCP 12(b)(2) AND 12(b)(6)** |
| v. | |
| ROSS UNIVERSITY SCHOOL OF MEDICINE, | |
| Defendant. | Judge: Hon. Jesus G. Bernal<br>Date Action Filed: March 27, 2017<br>Hearing Date: **December 11, 2017**<br>Requested New Date:  March 19, 2018 |

---

DEFENDANT'S SECOND UNOPPOSED MOTION TO CONTINUE HEARING ON MOTION TO DISMISS

42904888v.1

1    Pursuant to the Court's Procedures, Defendant respectfully requests that the
2    hearing on its motion to dismiss (Dkt. No. 18) be continued from December 11, 2017, to
3    March 19, 2018. In support of its motion, Defendant states as follows:
4    Defendant filed a motion to dismiss this lawsuit in its entirety for, among other
5    reasons, lack of personal jurisdiction over Defendant and set the hearing on its motion to
6    dismiss for October 23, 2017. Accordingly, Plaintiff's opposition to the motion to dismiss
7    originally was due October 2, 2017. Rather than file an opposition, Plaintiff filed a
8    motion to transfer venue to the U.S. District Court for the Southern District of Florida
9    (Dkt. No. 26) and set the hearing on that motion to transfer venue for December 11, 2017.
10   In that initial motion to transfer venue, Plaintiff effectively conceded that the Court
11   does not possess personal jurisdiction over Defendant. To begin with, he moved to
12   transfer venue under 28 U.S.C. 1406(a), which applies only to cases "laying venue in the
13   wrong division or district." In addition, in the body of his motion to transfer venue, he
14   admitted that this venue "is improper," (Pl. Mot. [Dkt. No. 26] 2:1-2), stated that he
15   "acknowledges or is fearful that the lack of personal jurisdiction would dismiss the case,"
16   (*Id.* at 3:15-16), stated that he "is strongly doubtful of whether or not California has
17   personal jurisdiction over the defendant," (*Id.* at 5:3-5), and "concede[d] to the fact [that
18   this Court is the "'wrong' court"] when reading defendant's demurrer," (*Id.* at 5:6-8).
19   As a result, the only question before the Court, following the filing of Plaintiff's
20   initial motion to transfer venue, was whether the Court should dismiss this lawsuit
21   altogether or transfer it to the U.S. District Court for the Southern District of Florida, as
22   Plaintiff requested.
23   Given the overlap in the issues being presented by the two motions (indeed, the
24   situation was such that one or the other should be granted), there was good cause to
25   continue the hearing on Defendant's motion to dismiss from October 23, 2017, to the
26   same date on which the Court was scheduled to hear Plaintiff's motion to transfer venue,
27   *i.e.*, December 11, 2017.
28

     Accordingly, Defendant filed an unopposed motion to continue the hearing on its motion to dismiss. (Dkt. No. 27.) The Court granted the motion and reset the hearing to December 11, 2017. (Dkt. No. 28.)

     Defendant subsequently filed its opposition to Plaintiff's motion to transfer venue on November 8, 2011. (Dkt. No. 29.) Pursuant to L.R. 7-10, Plaintiff's reply brief (if any) was due November 27, 2017, but Plaintiff did not file any such brief. Accordingly, because Defendant believed the parties' papers sufficiently set forth the parties' positions, the undersigned counsel for Defendant e-mailed Plaintiff on November 28, 2017, to ask if he would agree, pursuant to L.R. 7-15, to file a joint request to waive oral argument. Plaintiff responded by informing Defendant's counsel that he would not agree to such a waiver because he planned to file a <u>new</u> motion to transfer venue, this time to the U.S. District Court for the District of New Jersey.

     On December 4, 2017, the undersigned counsel for Defendant spoke with Plaintiff and confirmed that Plaintiff planned to withdraw his motion to transfer venue to the U.S. District Court for the Southern District of Florida (which he did on December 4, 2017, Dkt. No. 30). Defendant's counsel and Plaintiff also discussed the fact that it seemed unnecessary to appear on December 11, 2017, for a hearing on Defendant's motion to dismiss, given that no opposition or competing motion would be on file at that time and given that the only planned opposition was a new motion to transfer to a different venue, which Plaintiff stated that he planned to file sometime the week of December 11, 2017.

     Based on the reasons provided by Plaintiff in his conference with Defendant's counsel on December 4, 2017, for his assertion that the New Jersey courts (unlike this Court or the Florida courts) would have personal jurisdiction over Defendant in this case, Defendant intends to oppose Plaintiff's new, yet-to-be-filed motion to transfer venue to the U.S. District Court for the District of New Jersey.

     The undersigned counsel for Defendant is the lawyer who will be primarily responsible for Defendant's opposition brief, and he will appear at the hearing on both parties' motions should the Court deem a hearing necessary; however, he will not be in a

position to turn his attention to an opposition brief until mid-February. Specifically, he will be in Idaho (or traveling to and from Idaho) for three depositions the week of December 18, 2017, on vacation the week of December 25, 2017, and largely occupied with two labor arbitrations, a National Labor Relations Board hearing, his bi-annual partnership meeting, and four significant court filings already on his calendar between January 1 and February 9, 2018. Accordingly, Defendant's counsel asked Plaintiff during their discussion on December 4, 2017, whether Plaintiff would agree to set the hearing on his new motion to transfer venue for a Monday in March 2018, in which case Defendant would move to continue the hearing on its motion to dismiss to the same date. Plaintiff suggested March 19, 2018, and Defendant agreed.

**FOR ALL THE FOREGOING REASONS,** Defendant respectfully requests that the hearing on its motion to dismiss (Dkt. No. 18) be continued to March 19, 2018.

DATED: December 6, 2017                    Respectfully submitted,

SEYFARTH SHAW LLP

By: _s/Brian Stolzenbach_
Brian Stolzenbach
Counsel for Defendant
ROSS UNIVERSITY SCHOOL
OF MEDICINE, SCHOOL OF
VETERINARY MEDICINE LIMITED

DEFENDANT'S SECOND UNOPPOSED MOTION TO CONTINUE HEARING ON MOTION TO DISMISS
42904888v.1