David T. Tran
4396 Formosa St.
Jurupa Valley, CA 92509
(415) 497-8534
trantdavid@gmail.com

David T. Tran, In Pro Per

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **David T. Tran**, | CASE NUMBER: 5:17-cv-00583-JGB-DTBx |
| Plaintiff, | **MOTION FOR CHANGE OF VENUE, pursuant to 28 U.S.C. Section 1406(a)** |
| v. | |
| **Ross University School of Medicine**, | |
| Defendant | |

## INTRODUCTION

PLAINTIFF, before the Court, motions for a transfer of venue from the Central District of California (Eastern Division) to the District of New Jersey. 28

U.S.C. § 1406(a) permits for a transfer of venue if the case where it currently sits in is improper. In addition, transferring requires that doing so would be in the "best interest of justice" AND the forum in which the movant seeks relocation to could have originally been brought in that forum. Moreover, defendant's motion to dismiss pursuant to F.R.C.P. 12(b)(6) for a failure to state a claim (filed on August 2, 2017) during a challenge in venue should not be considered (See *Madara v. Hall* (11th Cir. 1990) 916 F.2d 1510, 1514, fn. 1; *Arrowsmith v. United Press International* (2nd Cir. 1963) 320, F.2d 219, 221). This is because a court that lacks jurisdiction or venue should not decide on substantive questions. [See generally, *Yokeno v. Sekiguchi* (9th Cir. 2014) 754, F.3d 649, 651, fn.2. --- res judicata defense not a "threshold ground" to be considered in advance of the merits]. PLAINTIFF's argument follows.

On November 29, 2017, both parties, pursuant to Local Rule 7.3, engaged in discussions regarding this motion. No compromise was reached. PLAINTIFF now drafts this motion along with a proposed order.

## ARGUMENT

**A.     Transfer would be in the "best interest of justice"**

When venue is improper in the district in which the plaintiff has originally brought the action, a district court may transfer the action to another district, if it

would be in the best "interest of justice", under Section 1406(a), **whether or not** the transferor court has personal jurisdiction over the defendant. See *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962) ("The language of 28 U.S.C. 1406(a) is amply broad enough to authorize the transfer of cases, **however wrong** the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not"). Upon defendant's Motion to Dismiss, PLAINTIFF acknowledges or is fearful that the lack of personal jurisdiction would dismiss the case (dismissal for lack of personal jurisdiction shall be done so without prejudice --- *In re Great Lakes Dredge & Dock Co., LLC*, 624 F.3d 201, 209 (5th Cir. 2010)) and waste time and resources. However, it is in the best interest of justice to avoid cost and delay that would result from dismissal and refiling (See *Verosol B.V. v. Hunter Douglass, Inc.*, 806 F. Supp. 582, 594 (E.D. Va. 1992)). Moreover, PLAINTIFF has a desire for transfer because it would allow for him to pursue claims that would otherwise be barred by the statute of limitations (e.g. breach of implied-in-fact contract) in the transferor court, in which he originally believed to be longer than what turned out to be. Normally, if there is another district or division in which the action could have been brought, transfer is preferred to the harsh remedy of dismissal. Transfer avoids any statute of limitations problems and the necessity of filing and serving a new action.  [*Minnette v. Time Warner* (2nd Cir. 1993) 997 F2d 1023, 1026-1027;

*ConocoPhillips Co. v. Jump Oil Co., Inc.* (ND OK 2013) 948 F.Supp.2d 1272, 1284]. See *Minnette v. Time Warner,* 997 F.2d 1023, 1026-1027 (2d Cir. 1993)(since the "functional purpose of [28 U.S.C. 1406(a)] is to eliminate impediments to the timely disposition of cases and controversies on their merits, … the transfer of the action, where the statute of limitations has run, is in the interest of justice"). A case that would otherwise be dismissed in the transferor court would recommence with the running of the statute of limitations in the transferee court (See *Munns v. Kerry* (9th Cir. 2015) 782 F3d 402, 414).

The court should only dismiss if transfer is not in the "interest of justice". Transfer would not be in the interest of justice if PLAINTIFF brought the case to the wrong district for some improper purpose and in bad faith, to harass the defendant with litigation in a remote forum or "blatant forum shopping" or if it was deliberately or obviously filed in the "wrong" court [See *Nichols v. G.D. Searle & Co.* (4th Cir. 1993) 991 F2d 1195, 1201; *Dubin v. United States* (5th Cir. 1967) 380 F2d 813, 816, fn. 5; see also *Stanifer v. Brannan* (6th Cir. 2009) 564 F3d 455, 460. However, it is evident that PLAINTIFF strongly believed, originally, that California would exercise personal jurisdiction based on 'minimum contacts' since defendant's presence within the state is at least rather substantial. Upon further research, however, PLAINTIFF is strongly doubtful of whether or not California has personal jurisdiction over the defendant based on the doctrine of 'minimum

contacts'. It would also be convenient for PLAINTIFF to pursue his claims in his home state of residence (California) due to the lack of financial resources. However, such lack of resources would not deter PLAINTIFF from seeking justice if it is necessary that personal jurisdiction must be met elsewhere (except for in Dominica where it would be impossible to get a fair trial). Finally, court should only dismiss if PLAINTIFF's complaint is *very* weak and there is no apparent statute of limitations problem (See *Cook v. Fox* (9th Cir. 1976) 537 F2d 370, 371; *McFarland v. Memorex Corp.* (ND CA 1980) 493 F.Supp. 657, 659-660; *Laukus v. United States* (D DC 2010) 691 F.Supp.2d 119, 127]. To fix this issue, PLAINTIFF intends to file a second amended complaint now that he understands the concept of "failure to state a claim". In this second amendment, PLAINTIFF intends to correct this deficiency in which he was never aware of until defendant's Motion to Dismiss. It is essential that PLAINTIFF be made aware of deficiencies in his/her complaint (See *B.Platsky v. CIA*, 953 F.2d 25, 26 28 (2nd Cir. 1991)("Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings").

    Coming before the court in forma pauperis and pro se, PLAINTIFF should be given the opportunity to have his case heard and judged on the merits rather than a dismissal based on jurisdictional flaws (in fact, New Jersey does have original and personal jurisdiction over defendant as discussed in the next section). Furthermore,

transfer would be in the best interest of justice since this case involves an unjust dismissal involving a defendant that has a longstanding history of oppressive actions towards its students (who often do not have a voice) and has been highly scrutinized by the US government for its involvement in unfair and fraudulent business practices. Most importantly, however, PLAINTIFF, as a result of defendant's oppressive actions, has suffered immensely and his livelihood taken away. This is someone's career at stake and it would be atrocious to allow an organization to deny someone of this opportunity based on arbitrary and capricious, and potentially ill-will conduct.

### B. Suit could have originally been brought to transferee court

For the Federal Court of the District of New Jersey to exercise full jurisdiction in this case, personal jurisdiction and subject matter jurisdiction requirements must be met. For subject matter jurisdiction to exist (for purposes to bring a suit in federal court), the suit must either raise a federal question at hand or both parties must meet diversity requirements. In this case, diversity jurisdiction is met pursuant to 28 U.S.C. § 1332(a) since PLAINTIFF and ROSS were and are citizens/corporations of different States (ROSS does not have its principal place of business within California) AND the amount PLAINTIFF seeks in damages exceeds $75,000.

Corporations are "deemed to reside … in *any* judicial district in which such

defendant is subject to the court's personal jurisdiction with respect to the civil action in question." [28 USC § 1391(c)(2)]. Accordingly, personal jurisdiction is satisfied through either general or specific jurisdiction. In this case, personal jurisdiction is solely met through general jurisdiction since the defendant performs 'continuous and substantial' corporate activities in New Jersey and should be considered "at home" (See *Daimler AG v. Bauman, et al.*, 134 S. Ct. 746 (2014)) and the claims in this case did not directly arise out of New Jersey. "The North Brunswick (NJ) offices houses the following departments: student financial aid, alumni services, admissions, information technology, human resources, financial, budgeting, accounting, accreditation, licensing, and marketing" (See *Ross University School of Medicine et al v. AMINI et al* (D.N.J. 2014)). In *Ross University School of Medicine et al v. AMINI et al* (D.N.J. 2014), the current defendant, ROSS, was the plaintiff in that case. Hence, ROSS voluntarily brought suit against AMINI in New Jersey, knowing that they are "at home" and conduct continuous and substantial operational activities in New Jersey with these departments as mentioned. If ROSS contends that it is exclusively a foreign corporation or is principally operating outside of this state, a state may exercise personal jurisdiction even when the causes of action do not arise out of that state or relate to any of the corporation's activities in that state so long as the corporation carries on 'continuous and systematic' corporate activities in that state (See *Perkins*

*v. Benguet Consolidated Mining Co.*, 342 U.S. 437). Even as seen in *Perkins*, limited (not substantial like ROSS in New Jersey) activities were performed in the state of Ohio, but were still considered 'continuous and systematic' to warrant general jurisdiction over the defendant (Benguet Consolidated Mining Co.). Clearly, ROSS conducts corporate activities above the threshold as seen in *Perkins* with its vast operations located within this state, which includes the aforementioned departments located in New Jersey.

It is also important to note that there is precedent denying general jurisdiction over a non-US corporation defendant that simply bought manufactured parts in a particular US state and that led to a fatal airplane crash outside of that state, as evident in *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984). Although *Helicopteros* shares close similarities with *Perkins*, the Perkins case more closely parallels the current case at hand since the defendant (ROSS) operates continuously and systematically within New Jersey and can be considered "at home". This is in contrast to *Helicopteros*, in which the defendant simply bought airplane parts in a US state and did not have any significant operations or contacts such as bank accounts, physical place of business, employees, etc. ROSS <u>does</u> have such-like operations in New Jersey, and that such evidence and common sense intuition indicates that ROSS is indeed "at home".

Because ROSS has significant operations within New Jersey, including vast

corporate activities, access to records and legal representation, it would be seen as absurd if due process and the Fourteenth Amendment is violated. ROSS is clearly well-equipped to defend themselves in New Jersey. In fact, it should be considered that ROSS has the "homefield advantage" and PLAINTIFF is severely disadvantaged without the necessary financial resources and being a resident of a state merely 3,000 miles from New Jersey. Simply put, any defence arguing against personal jurisdiction should be seen as a tactic to avoid justice based on the merits and facts of the case that may be revealed during discovery.

Venue in the District of New Jersey is proper since the defendant can be haled to a judicial district in which it is subject to the court's personal jurisdiction with respect to such action(s) as presented above. 28 U.S.C. § 1391(b)(3).

## CONCLUSION

PLAINTIFF requests that this case be transferred to the District of New Jersey. Meanwhile, PLAINTIFF also requests that defendant's motion to dismiss filed on August 2, 2017 is not considered during this challenge in venue (Please see *Madara v. Hall* (11th Cir. 1990) 916 F.2d 1510, 1514, fn. 1; *Arrowsmith v. United Press International* (2nd Cir. 1963) 320, F.2d 219, 221). Upon Judge Bernal's order for transfer to the District of New Jersey, PLAINTIFF will then immediately file a Motion for Leave to File Amended Complaint along with the second amended

complaint to cure his "failure to state a claim" and reassert his claims as pertinent to New Jersey federal law.

     Finally, not only should PLAINTIFF's requests be granted based on the aforementioned argument, it would be in the interest of justice to hail the defendant to court due to its history of oppressive and unjust actions towards many of its students, including its involvement in unfair and fraudulent business practices. Much of our U.S. tax dollars are simply given to these for-profit institutions that misuse these funds with false advertising, promises, and by dismissing many US students arbitrarily and capriciously, particularly students without a voice. This needs to stop.

Respectfully submitted on December 22, 2017.

David T. Tran

**(I CONSENT for this to be my electronic signature)**