1  SEYFARTH SHAW LLP
   Elisabeth C. Watson (SBN 184332)
2  ewatson@seyfarth.com
   333 S. Hope Street, Suite 3900
3  Los Angeles, CA 90071
   Telephone:  (213) 270-9600
4  Facsimile:   (213) 270-9601

5  SEYFARTH SHAW LLP
   Alison Loomis (SBN 296618)
6  aloomis@seyfarth.com
   560 Mission Street, 31st Floor
7  San Francisco, California 94105
   Telephone:  (415) 397-2823
8  Facsimile:   (415) 397-8549

9  SEYFARTH SHAW LLP
   Brian Stolzenbach (*pro hac vice*)
10 bstolzenbach@seyfarth.com
   233 S. Wacker Drive, Suite 8000
11 Chicago, Illinois 60606
   Telephone:  (312) 460-5000
12 Facsimile:   (312) 460-7000

13
   Attorneys for Defendant
14 ROSS UNIVERSITY SCHOOL OF MEDICINE,
   SCHOOL OF VETERINARY MEDICINE
15 LIMITED

16              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
17                     **EASTERN DIVISION**

18
   DAVID T. TRAN,                          Case No. 5:17-cv-00583 JGB(DTBx)
19
            Plaintiff,                     **DEFENDANT'S OPPOSITION**
20                                         **TO PLAINTIFF'S SECOND**
        v.                                 **MOTION TO TRANSFER VENUE**
21                                         **UNDER 28 U.S.C. § 1406(a)**
   ROSS UNIVERSITY SCHOOL OF
22 MEDICINE,                               Judge:          Jesus G. Bernal
                                           Action Filed:   March 27, 2017
23          Defendant.                     Hearing Date:   March 19, 2018
                                           Hearing Time:   9:00 a.m.
24

25

26

27

28

---
DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND MOTION TO TRANSFER VENUE

43782324v.2

## I. INTRODUCTION

In response to Defendant's motion to dismiss his lawsuit (Dkt. No. 18), Plaintiff moved to transfer venue to the U.S. District Court for the Southern District of Florida but then withdrew that motion upon reading Defendant's opposition to the transfer motion. (Dkt. No. 29.) Instead, Plaintiff now moves to transfer venue to the U.S. District Court for the District of New Jersey, while continuing to acknowledge that this Court does not possess personal jurisdiction over Defendant. (Dkt. No. 33 at 2:1-2, moving to transfer venue under 28 U.S.C. § 1406(a), which applies only to cases pending in "the wrong division or district"; *id.* at 3:9-11, stating that Plaintiff "acknowledges or is fearful that the lack of personal jurisdiction would dismiss the case"; *id.* at 4:26-27, admitting that Plaintiff "is strongly doubtful of whether or not California has personal jurisdiction over the defendant.")

This second motion to transfer venue should be denied because the U.S. District Court for the District of New Jersey also lacks personal jurisdiction over Defendant. Plaintiff contends (without any actual evidentiary support) that Defendant has offices and performs certain work in New Jersey, but even aside from his evidentiary failings in this regard, a court may not assert personal jurisdiction over a defendant merely because the defendant has a presence within the court's territorial boundaries. The court in New Jersey would have personal jurisdiction over Defendant only if the actions giving rise to this lawsuit had a connection to New Jersey or Defendant's place of incorporation or principal place of business were located there. Neither is the case. The alleged events giving rise to this case occurred in the Commonwealth of Dominica, the same country where Defendant is incorporated and where its only educational campus (*i.e.*, its principal place of business) is located. Because Plaintiff has not established that New Jersey would have been an appropriate place for filing his lawsuit in the first instance, his motion to transfer venue should be denied, Defendant's motion to dismiss should be granted, and the entire lawsuit should be dismissed.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND MOTION TO TRANSFER VENUE
43782324v.2

## II. ARGUMENT

Because Plaintiff admits that this Court has no personal jurisdiction over Defendant, the Court may respond to Plaintiff's motion to transfer by dismissing the action altogether or, "if it be in the interest of justice," transferring the action to a district "in which it could have been brought." *See* 28 U.S.C. § 1406(a); *see also Kunz v. State of Alaska*, 902 F.2d 1578 (9th Cir. 1990). For these purposes, the action could have been brought in a district where (1) the court has personal jurisdiction over the defendant, (2) there is proper subject matter jurisdiction, and (3) there is proper venue. *See Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001). The party requesting the transfer (here, Plaintiff) bears the burden of showing that the lawsuit could have been brought in the transferee district. *See Metz v. U.S. Life Ins. Co. in City of N.Y.*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009) (moving party must establish that the matter could have been brought in the transferee district, which "includes demonstrating that subject matter jurisdiction, personal jurisdiction, and venue would have been proper if the plaintiff had filed the action in the district to which transfer is sought"); *Billing v. CSA-Credit Sols. of Am., Inc.*, No. 10-CV-0108 BEN (NLS), 2010 WL 2542275, *5 (S.D. Cal. June 22, 2010) (factors relevant to determining whether the interest of justice warrants transfer under Section 1406(a) and Section 1404(a) are the same). As explained below, Plaintiff has not established that the U.S. District Court for the District of New Jersey is a court in which this action could have been brought because that court has no personal jurisdiction over Defendant.

There are two types of personal jurisdiction: general and specific. *See Bristol-Myers Squibb Co. v. Superior Court of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1779-80 (2017). General jurisdiction exists only when the organization is "essentially at home" in the forum state (*i.e.*, when the defendant's state of incorporation or principal place of business is found within the state). *See id.* at 1780. Specific jurisdiction may be invoked only when the claim at issue arises from, or is connected to, the defendant's activities within the forum. *See id.* Based on these established principles, Plaintiff has not shown

3

1  (and could not show) that the U.S. District Court for the District of New Jersey possesses
2  personal jurisdiction over Defendant.
3      General jurisdiction arises when a defendant's "affiliations with the State . . . are so
4  constant and pervasive 'as to render [it] essentially at home in the state.'" *See Daimler*
5  *AG v. Bauman*, 134 S. Ct. 746, 751 (2014) (quoting *Goodyear Dunlop Tires Operations,*
6  *S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). Only in an "exceptional case" will a court
7  have general jurisdiction over a corporation in a state other than the corporation's state of
8  incorporation or principal place of business. *See Daimler AG*, 134 S. Ct. at 761 n.19. In
9  other words, "it is incredibly difficult to establish general jurisdiction over a corporation
10 in a forum other than the place of incorporation or principal place of business." *See Malik*
11 *v. Cabot Oil & Gas Corp.*, No. 16-2829, 2017 WL 4260816, *2 (3d Cir. Sept. 26, 2017)
12 (quotations omitted).
13     Here, Defendant is neither headquartered nor incorporated in New Jersey.
14 Defendant is a private company limited by shares, organized under the laws of the
15 Commonwealth of Dominica. (Dkt. No. 18-1, Harper Decl. ¶ 2.) At the same time,
16 Defendant—whose principal business pursuit is educating medical students at the
17 medical school it operates—has its one and only campus (*i.e.*, its principal place of
18 business) in the same country, Dominica. (Dkt. No. 18-2, Owen Decl. ¶ 2.)
19     Plaintiff does not dispute the fact that Defendant's place of incorporation and
20 principal place of business are both in Dominica. He certainly does not carry his burden
21 of *proving* the contrary. Instead, he merely purports to quote from some unidentified
22 source appearing to stem from a prior lawsuit called "*Ross University School of Medicine*
23 *et al v. AMINI et al* (D.N.J. 2014)," which states that Ross has several administrative
24 offices in New Jersey. Even if this unsourced quotation were somehow actual evidence (it
25 is not), having offices in New Jersey in 2014 does not mean one has offices in New
26 Jersey four years later. Nor would it matter if it did. Merely having a presence in New
27 Jersey does not establish a *principal place of business* in New Jersey. *See, e.g., BNSF Ry.*
28 *Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (finding that a railroad company having

2,000 miles of railroad tracks in a jurisdiction did not render the railroad company "at home" in that jurisdiction.)

Plaintiff also observes that Defendant once brought a lawsuit of its own in the U.S. District Court for the District of New Jersey, implying that this establishes that court's personal jurisdiction over Defendant. This is not true. There are various reasons why a *plaintiff* may choose or even need to sue a particular defendant in a particular court on a particular claim, but that does not necessarily mean the same party may be unwillingly haled into the same court as a defendant if the court has no personal jurisdiction over it. *See Bristol-Myers*, 137 S. Ct. at 178 ("primary concern" in determining whether a court may assert general jurisdiction over an out-of-state defendant is the "burden on the defendant").

Indeed, consider this very case. The fact is that Plaintiff needs to bring this lawsuit in the Commonwealth of Dominica if he wants to pursue it.[1] If he chooses to do so, this does not mean he may be sued in Dominica by someone else in some other kind of case having nothing to do with Dominica. The fact that Defendant was a plaintiff in New Jersey in a different matter four years ago, involving different parties and different claims, has no bearing on whether Defendant is "at home" in New Jersey or whether *this* lawsuit arises out of events in New Jersey. *See, e.g., Olympia Steel Bldg. Sys. Corp. v. Gen. Steel Domestic Sales, LLC*, No. CIV.A. 06-1597, 2007 WL 1217992, *4 (W.D. Pa. Apr. 24, 2007), *on reconsideration in part*, No. CIV A 06-1597, 2007 WL 1816281 (W.D. Pa. June 22, 2007) ("supposition . . . that participating in a litigation on entirely different claims and with entirely different parties as long as ten years ago constitutes a waiver of a jurisdictional defense in this case is unconvincing"). Plaintiff has failed to

---

[1] It may be noted in this regard that the Commonwealth of Dominica is a member country in the Eastern Caribbean Supreme Court, which has been deemed an adequate forum by the U.S. Court of Appeals for the Seventh Circuit for lawsuits by former students against Defendant's sister school, Ross University School of Veterinary Medicine. *See Zara v. DeVry Educ. Grp., Inc.*, 706 Fed. Appx. 328 (7th Cir. 2017).

demonstrate that there is general personal jurisdiction over Defendant in the court to which he seeks a transfer.

Meanwhile, Plaintiff makes no argument that a court in New Jersey could assert specific jurisdiction over Defendant in this case. On the contrary, he admits that "the claims in this case did not directly arise out of New Jersey." (Dkt. No. 33 at 9.) Absent any connection between his allegations and the State of New Jersey, Plaintiff cannot establish that the U.S. District Court for the District of New Jersey has specific jurisdiction over Defendant.

Because Plaintiff did not oppose Defendant's motion to dismiss for lack of personal jurisdiction but instead acknowledged this Court's lack of jurisdiction and filed a motion to transfer venue to a court that also lacks personal jurisdiction over Defendant, Plaintiff's motion to transfer venue should be denied, and his lawsuit should be dismissed in its entirety.

DATED: February 26, 2018

Respectfully submitted,

SEYFARTH SHAW LLP

By: *s/Elizabeth C. Watson*
Brian Stolzenbach
Elizabeth C. Watson
Counsels for Defendant
ROSS UNIVERSITY SCHOOL OF MEDICINE, SCHOOL OF VETERINARY MEDICINE LIMITED